IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 4:19-CV-02996 |
| | § | |
| XCALIBUR LOGISTICS, | § | |
| | § | |
| Defendant. | § | (JURY TRIAL DEMANDED) |

**PLAINTIFF'S MOTION TO COMPEL
DEFENDANT'S DISCOVERY RESPONSES AND REQUEST FOR ORAL HEARING**

# EXHIBIT A-1

# FIRST SUPPLEMENTAL RESPONSES TO FIRST SET OF INTERROGATORIES (SEPTEMBER 15, 2021)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JOHNSON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:19-cv-02996 |
| XCALIBUR LOGISTICS, LLC | § § | |
| Defendant. | § | (JURY TRIAL DEMANDED) |

## DEFENDANT'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

To: Christopher Johnson, by and through his attorney of record, Katrina Patrick, 6575 West Loop South, Suite 500, Bellaire, Texas 77401.

Pursuant to the Federal Rules of Civil Procedure, Defendant Xcalibur Logistics, LLC ("Xcalibur" or "Defendant") hereby serves the following First Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories.

Respectfully submitted,

BAKER & McKENZIE LLP

*/s/ Lindsay Wright Brett*
Brendan D. Cook
Texas Bar No. 04721700
Fed. ID No. 5030
Lindsay Wright Brett
Texas Bar No. 24079608
Fed. ID No. 1384776
700 Louisiana Suite 300
Houston, TX 77002
Telephone: (713) 427-5000
Facsimile: (713) 427-5099
brendan.cook@bakermckenzie.com
lindsay.brett@bakermckenzie.com

ATTORNEYS FOR DEFENDANT
XCALIBUR LOGISTICS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on lead counsel of record on this September 15, 2021, by electronic mail, electronic filing, facsimile, hand delivery, and/or U.S. certified mail, return receipt requested:

Katrina Patrick
Attorney-in-Charge
Federal Bar No. 22038
6575 West Loop South, Suite 500
Bellaire, Texas 77401
katrina@voiceoftheemployees.com

*/s/ Lindsay Wright Brett*
Lindsay Wright Brett

## OBJECTIONS TO DEFINITIONS

Defendant objects to Plaintiff's definitions to the extent that they contradict or modify the ordinary meaning of the defined words or the definitions of words contained in the Federal Rules of Civil Procedure. Defendant will interpret all words as defined in the Federal Rules of Civil Procedure or according to their ordinary meaning.

### DEFENDANT'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**
List every driver who worked or performed duties for Defendant at the Jal, New Mexico location from January 1, 2014 to December 31, 2018 and including Edwardo Patino, Alem Jimmerson, Mac Williams and Mike Rowe setting forth as to each:
- a) their immediate supervisors and Area Managers,
- b) last known residential address and telephone number,
- c) date of hire,
- d) race,
- e) all demurrage pay to the driver during this time-frame,
- f) all oral or written disciplinary actions received by said driver regarding performance including but not limited to i) spills, ii) overflows, iii) failure to properly follow documented loading and unloading procedures, iv) pre-trip inspection deficiencies, v) safety, and vi) speeding
    - a. Dates of such performance concerns,
    - b. listing the cost or damage such performance issues resulted in (if any), and
    - c. all decision-makers involved in the disciplinary action,
- g) all documents (e.g., notations, reports, emails, text messages and the like) and recordings concerning or involving work orders, inspections, malfunctions, deficiencies, concerns, and repairs, fixes or replacements needed or requested with their company-issued vehicles and equipment (e.g., tractors, tankers and trailers) and
- h) date, reason for separation and all decision-makers (where applicable).

**ANSWER:**

Xcalibur objects to this request because it is overbroad, unduly burdensome, not reasonably limited in time, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including dates of hire, address, demurrage pay, all disciplinary actions, all documents regarding work orders, and separation information of all drivers. Xcalibur also objects because this request seeks personal identifiable information. Xcalibur further objects because this interrogatory requests information on several different subject matters, and hence constitutes multiple interrogatories under the Federal Rules. Subject to and without waiving its objections, Xcalibur refers to the charts produced at XCALIBUR 0001293-1298 which list all drivers at the Jal, New Mexico location in 2017 and 2018, including who they report to, their hire

3

and termination dates, race, termination reason, and counseling notices. Xcalibur also refers to and incorporates its response to Interrogatory No. 8 for the dates of employment and titles for those with supervisory duties at the Jal, New Mexico location from 2017 and 2018. Additionally, the following describes written reports of spills or overflows at the Jal, New Mexico location from 2017 and 2018. For further information, see documents Bates labelled XCALIBUR 001252-001279 involving written reports related to spills or overflows of the below employees, and Plaintiff's employment file, XCALIBUR 000001-000421.

| Employee Name | Spill/Overflow Date | Race | Terminated Due to Spill/Overflow |
|---|---|---|---|
| Trenton Hicks | 1/10/2017 | African American | Yes, 1/10/2017 |
| Hector Ortiz | 3/31/2017 | Hispanic | No |
| William Poole | 6/14/2017 | White | No |
| Eligio Aguilar | 7/21/2017 | Hispanic | Yes, 7/21/2017 |
| Antonia Harris | 9/30/2017 | African American | No |
| Chris Zacarias | 3/9/2018 | Hispanic | No |
| Chris Johnson | 5/3/2018 | African American | No |
| Chris Johnson | 6/29/2018 | African American | Yes, 6/29/2018 |
| Bobby Valdez | 7/8/2018 | Hispanic | No |
| Roman De Lara | 7/27/2018 | Hispanic | No |
| Edwardo Patino | 8/22/2018 | Hispanic | Yes, 8/22/2018 |
| Alem Jimmerson | 8/23/2018 | African American | Yes, 8/23/2018 |
| Ray Perez | 9/1/2018 | Hispanic | No |
| Abel Guillen | 10/2/2018 | Hispanic | No |
| Mac Williams | 10/23/2018 | African American | Yes, 10/23/2018 |
| Mike Rowe | 11/24/2018 | Two or more races | Yes, 11/24/2018 |
| Manuel Carillo | 12/16/2018 | Hispanic | Yes, 12/16/2018 |
| Antonio Olivo | 12/19/2018 | Hispanic | Yes, 12/19/2018 |

**INTERROGATORY NO. 2:**
Please identify with specificity any and all claims or complaints including but not limited to those concerning discrimination, retaliation, violence, and threats made by Plaintiff to or against Defendant including but not limited to those involving Bruce Johnson and/or Elisas "Eli" Ashley setting forth as to each: the persons receiving the complaints, the persons he complained about, the exact nature of the complaints, the investigation undertaken as a result of such complaints, all individuals who participated - in any way - in any investigation conducted by Defendant regarding Plaintiff's complaints, all persons talked to about such complaints including witnesses interviewed, the outcome of the investigation, and dates of each such action identified herein.

**ANSWER:**
Xcalibur objects to this request because it improperly seeks information which is already within the possession, custody, or control of Plaintiff and/or equally available to Plaintiff. Xcalibur also objects because this request is vague and confusing as to what it seeks, specifically in asking for "threats made by Plaintiff." Xcalibur objects to this request to the extent it seeks information that

4

is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or immunity from discovery. Subject to and without waiving its objections, Xcalibur refers to and incorporates by reference documents and communications with the U.S. Equal Employment Opportunity Commission regarding the Charge filed by Plaintiff, Bates labelled XCALIBUR 001199-001251, including Plaintiff's complaints related to Bruce Johnson and/or Elias Ashley. Xcalibur also refers to and incorporates by reference documents related to the Elias Ashley incident with Plaintiff, including documents related to Eli's termination, Bates labelled XCALIBUR 001280-001283 and 001285-1292.

**INTERROGATORY NO. 3:**
List every driver who worked or performed duties for Defendant at the Jal, New Mexico location from June 1, 2017 to July 1, 2018, setting forth as to each:
- a) Identify his or her shift e.g., night or day;
- b) All vehicles (e.g., trucks/tractors and trailer/tanker) they used each day they worked for Defendant including the assigned number like "Tractor 3032," driver's license plate, year of the vehicle, and year acquired by Defendant;
- c) All repairs, maintenance, replacements or work requested or suggested on each such vehicle and the dates of such request or suggestion;
- d) All repairs, maintenance, replacements or work performed on each such vehicle including identifying the mechanic who performed such work and the dates such work was completed;
- e) All decision-makers involved in assigning such vehicles to said employees; and
- f) As it relates to Tractor 3032, Tractor 3033, Tractor 3034, and Tractor 3035, list all drivers who used said tractors each day during this timeframe and all decision-makers involved in assigning such vehicles to said employees.

**ANSWER:**

Xcalibur objects to this request because it is overbroad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, such as each driver's shift, all vehicle repairs, all mechanics who repaired vehicles, and all drivers who used Tractors 3032, 3033, 3034, and 3035. Xcalibur further objects because this interrogatory is vague regarding who is a "decision-maker" and because this interrogatory requests information on several different subject matters, and hence constitutes multiple interrogatories under the Federal Rules. Subject to and without waiving its objections, Xcalibur's pre-trip and post-trip records (which record the truck each driver drove each shift as well as any repairs or maintenance needed on the truck) were stored in a program called QV21. Following the sale of Xcalibur's assets on December 31, 2019, Xcalibur no longer has access to those QV21 records. Xcalibur also refers to and incorporates by reference documents Bates labeled XCALIBUR1247-1249.

**INTERROGATORY NO. 4:**
Identify every employee or worker of Defendant's who were lodged at the Merryman RV Park where Plaintiff lodged from January 1, 2018 to June 30, 2018 setting forth as to each:
- a) his or her job title,
- b) last known residential and business address and telephone number,
- c) date of hire,

5

d) date of separation, and
e) whether he or she ever complained of racial harassment or discrimination.

**ANSWER:**
Xcalibur objects to this request because it is unduly burdensome in seeking the above information about every employee or worker of Defendant who lodged at the Merryman RV Park, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Xcalibur also objects because this request seeks personal identifiable information. Subject to and without waiving its objections, Christopher Johnson is the only employee who lodged at the Merryman RV Park from 2017-2018 who filed an EEOC Charge against Xcalibur.

**INTERROGATORY NO. 5:**
Please identify with specificity any and all claims or complaints made against Plaintiff setting forth as to each: the persons receiving the complaints, the exact nature of the complaints, the investigation undertaken as a result of such complaints, all individuals who participated - in any way - in any investigation conducted by Defendant regarding such complaints, all persons talked to about such complaints including witnesses interviewed, the outcome of the investigation, and dates of each such action identified herein.

**ANSWER:**
Xcalibur objects because this request is vague in that it does not define "claims or complaints made against Plaintiff" and is confusing as to "the persons receiving the complaints." Xcalibur also objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or immunity from discovery. Subject to and without waiving its objections, Xcalibur refers to and incorporates Plaintiff's employment file, Bates labeled XCALIBUR 000001-000421. For further response, the following counseling notices and written statements are in Plaintiff's employment file:

- August 6, 2017: Johnson received a written warning for speeding.
- November 12, 2017: Johnson received a written warning for speeding.
- February 10, 2018: Johnson had an altercation with an Xcalibur driver called Sal and gave a written statement to Xcalibur about the issue.
- April 1, 2018: Johnson had an altercation with a driver for Gibson and gave written statements to Xcalibur and EOG about the issue.
- May 3, 2018: Johnson overloaded his trailer while loading crude oil, resulting in a spill, and received a final written warning.
- June 29, 2018: Johnson overloaded his trailer while loading crude oil, resulting in a spill, and was separated from employment.

**INTERROGATORY NO. 6:**
Identify each person, other than your attorney, with whom you have communicated or from whom you have obtained a statement (whether written, oral, recorded, or otherwise) regarding the claims set forth in Plaintiff's lawsuit or Charge of Discrimination and your defense thereof, including but not limited to any current or former employees of XCALIBUR LOGISTICS and/or local, state, or Texas government agencies or officials including the Texas Workforce Commission and/or the

U.S. Equal Employment Opportunity Commission. For each such person or entity, describe in detail the time and date of the communication/statement, all parties to the communication/statement, the subject matter of the communication/statement, any witnesses to the communication/statement, the nature of the communication/statement (i.e., letter, in person, electronic, telephone call, etc.), and all documents related to the communication/statement. This request does not ask for privileged matters.

**ANSWER:**

Xcalibur objects to this request because it is overbroad and unduly burdensome in seeking information that is clear from the face of documents. Subject to and without waiving its objections, Xcalibur refers to and incorporates documents Bates labelled XCALIBUR 000422-000809 and 001199-001251, which detail communications with the U.S. Equal Employment Opportunity Commission and the Texas Workforce Commission.

**INTERROGATORY NO. 7:**
Identify all oral or written disciplinary actions against Plaintiff up to and including termination and as to each: (i) list all persons involved in the decision to discipline Plaintiff including his termination, (ii) the known roles of each persons, (iii) all specific reasons for such employment action e.g., the disciplinary action and termination, (iv) all drivers disciplined up to and including termination for the same or similar reasons as Plaintiff from January 1, 2014 to December 31, 2018, and (v) whether any other person was held responsible for, or disciplined along with, Plaintiff for his or her involvement as to each such incident.

**ANSWER:**

Xcalibur objects to this request because it is overbroad, unduly burdensome, not reasonably limited in time, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Xcalibur objects because this interrogatory requests information on several different subject matters, and hence constitutes multiple interrogatories under the Federal Rules. Xcalibur also objects because this request is duplicative of Interrogatories 1 and 5. Subject to and without waiving its objections, Xcalibur incorporates by reference its responses to Interrogatories 1 and 5.

**INTERROGATORY NO. 8:**
As to Bruce Johnson, Elisas "Eli" Ashley, Shannon Smith, Edwardo Patino, Alem Jimmerson, Mac Williams, Mike Rowe, Reginald Warmsley, Jerry Miller, Mike McKey, and Jeff Maronen, state the following: their dates of hire, dates of separation, all job titles held, all reasons for separation with Defendant and all decisionmakers involved in said separation.

**ANSWER:**

Xcalibur objects to this request because it is overbroad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Xcalibur also objects to the extent this request seeks confidential employee information. Subject

to and without waiving its objections, Xcalibur will provide dates of employment and titles for those with supervisory duties at the Jal location.

Jerry Miller, Night Field Supervisor, 10/16/2017 - 7/30/2018
Shannon Smith, Operations Manager, 5/19/2017 - 1/2/2018
Mike McKey, Area Manager, 12/1/2014 - 10/7/2016, 1/22/2018 - 12/31/2019
Roy Ardrey, Senior Field Supervisor, 6/18/2018 - 10/25/2018
Jeffrey Maronen, Director, 2014 - 12/31/2019

**INTERROGATORY NO. 9:**
During Plaintiff's entire tenure with Defendant, describe what Merryman RV Park is including its association and arrangements with Defendant and whether employees or workers paid directly to reside there or, if a benefit to said employees by Defendant, detail the arrangement including cost between Defendant and Merryman RV Park?

**ANSWER:**

Xcalibur objects to this request because it is overbroad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, during Plaintiff's employment Xcalibur offered free living quarters to its drivers, while working at the Jal, New Mexico location, at Merryman RV Park. The drivers were not required to reside at Merryman RV Park.

**INTERROGATORY NO. 10:**
Identify any and all persons (other than Plaintiff) who, from January 1, 2015 to present, have filed - whether internally or externally - a lawsuit, complaint, administrative charge, or claim (collectively "complaint") of racial harassment, race discrimination, retaliation or workplace violence and threats against Defendant setting forth as to each: (i) person receiving the complaint, (ii) the exact nature of the complaint, (iii) all conversations had with complainant about such complaint, (iv) the investigation undertaken as a result of such a complaint, (v) the individuals involved in said complaint including witnesses interviewed, (vi) dates of each such action, and (vii) the details of each investigation.

**ANSWER:**

Xcalibur objects to this request because it is improperly seeks information which is already within the possession, custody, or control of Plaintiff and/or equally available to Plaintiff. Xcalibur also objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or immunity from discovery. Subject to and without waiving objections, Jorge Garza filed a charge against Xcalibur with the Texas Workforce Commission Civil Rights Division and the EEOC on August 22, 2016. The Texas Workforce Commission Civil Rights Division issued a Notice of Dismissal on February 22, 2017.

**INTERROGATORY NO. 11:**

Identify any and all persons who had the authority to supervise or direct Plaintiff's work with you including his immediate supervisors and Area Managers and the dates of their supervision over Plaintiff.

**ANSWER:**

Xcalibur objects to this request because it is vague in failing to define "supervise or direct." Subject to and without waiving its objections, Shannon Smith, Jerry Miller, Roy Ardrey, Mike McKey, and Jeffrey Maronen all had supervisory authority during Plaintiff's employment with Xcalibur.

**INTERROGATORY NO. 12:**
Identify or produce for inspection each document in your custody and control, or of which you have knowledge, that supports any claim asserted in Plaintiff's Complaint, Plaintiff's Demand, Plaintiff's Charge of Discrimination or that you contend relates to any defense or affirmative defense asserted by Defendant including that in Defendant's December 10, 2018 Statement of Position to the EEOC, giving a brief description of what you believe each document proves, and identifying all documents which you contend support, tend to support, or tend to refute your answer to this Interrogatory.

**ANSWER:**

Xcalibur objects because this request improperly requires Xcalibur to marshal its evidence for trial. Xcalibur also objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or immunity from discovery. Xcalibur further objects to this request because it improperly seeks information which is already within the possession, custody, or control of Plaintiff and/or equally available to Plaintiff. Subject to and without waiving the objections above, Xcalibur has already produced documents responsive to this interrogatory and refers to communications with the EEOC at XCALIBUR 001199-1251, Plaintiff's employment file at XCALIBUR 000001-000421, and Plaintiff's claim with the Texas Workforce Commission at XCALIBUR 000422-809, and reserves the right to rely on additional documents produced in this case.

**INTERROGATORY NO. 13:**
Describe all benefits sponsored or provided by Defendant in which Plaintiff participated, such as health insurance plan, life insurance plan, stock option plan, incentive pay plan, bonus plan, retirement plan, deferred income plan or any other benefit plan in which Plaintiff participated or in which Plaintiff was eligible to participate and as to each identify the value of such benefit and how that value was computed.

**ANSWER:**

Xcalibur objects to this request because it is unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Xcalibur further objects to this request because it improperly seeks information which is already within the possession, custody, or control of Plaintiff and/or equally available to Plaintiff. Subject

9

to and without waiving its objections, Plaintiff participated in medical, dental, and vision health insurance plans, as well as voluntary life insurance, voluntary spouse insurance, voluntary child life insurance, and voluntary AD&D insurance. Xcalibur also refers to Plaintiff's employment file at XCALIBUR 000001-000421, including specifically XCALIBUR 000001-000011, 000259-000269, 000384-000415.

### INTERROGATORY NO. 14:
What is the difference between overflows and spills and identify all documents that discuss such?

### ANSWER:

Xcalibur objects to this request because it does not define or explain "overflows" and "spills." Xcalibur further objects to this request because "all documents that discuss such" are not reasonably limited or identified. Subject to and without waiving its objections, in general, a spill occurs when oil or fuel spills onto the ground. An overflow occurs when a tank overflows, which can result in a spill of oil or fuel.

### INTERROGATORY NO. 15:
State the name, address, and job title or capacity of each person who prepared or assisted in the preparation of the responses to these Interrogatories setting forth each person's roles and responsibilities in doing such.

### ANSWER:

M. Grae Griffin, former Vice President of Human Resources, who verified these interrogatories initially, and Maureen Zuniga, Director of Human Resources and Property Services, with assistance of counsel.