IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JOHNSON, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | C.A. No. 4:19-CV-02996 |
| XCALIBUR LOGISTICS, | § § § | |
| *Defendant.* | § | (JURY TRIAL DEMANDED) |

**PLAINTIFF'S MOTION TO COMPEL**
**DEFENDANT'S DISCOVERY RESPONSES AND REQUEST FOR ORAL HEARING**

# EXHIBIT B

# RESPONSES TO FIRST SET OF PRODUCTION REQUESTS (APRIL 3, 2020)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JOHNSON, | § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:19-cv-02996 |
| XCALIBUR LOGISTICS, LLC | § § § | |
| Defendant. | § | (JURY TRIAL DEMANDED) |

### DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

To: Christopher Johnson, by and through his attorney of record, Katrina Patrick, 6575 West Loop South, Suite 500, Bellaire, Texas 77401.

Pursuant to the Federal Rules of Civil Procedure, Defendant Xcalibur Logistics, LLC ("Xcalibur" or "Defendant") hereby serves the following Objections and Responses to Plaintiff's First Request for Production of Documents.

Respectfully submitted,

BAKER & McKENZIE LLP

  /s/ Lindsay Wright Brett
Brendan D. Cook
Texas Bar No. 04721700
Fed. ID No. 5030
Lindsay Wright Brett
Texas Bar No. 24079608
Fed. ID No. 138776
700 Louisiana Suite 3000
Houston, TX 77002
Telephone: (713) 427-5000
Facsimile: (713) 427-5099
brendan.cook@bakermckenzie.com
lindsay.brett@bakermckenzie.com

ATTORNEYS FOR DEFENDANT
XCALIBUR LOGISTICS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on lead counsel of record on this April 3, 2020, by electronic mail, electronic filing, facsimile, hand delivery, and/or U.S. certified mail, return receipt requested:

Katrina Patrick
Attorney-in-Charge
Federal Bar No. 22038
6575 West Loop South, Suite 500
Bellaire, Texas 77401
katrina@voiceoftheemployees.com
(713) 796-8218 direct line
(281) 399-5537 facsimile

  /s/ Lindsay Wright Brett
Lindsay Wright Brett

2

## GENERAL OBJECTIONS

1. Defendant objects to the Requests to the extent that they seek information or seek to impose obligations upon Defendant beyond those set forth or required by the Federal Rules of Civil Procedure, or any other applicable law or rules.

2. Defendant objects to Plaintiff's definitions to the extent that they contradict or modify the ordinary meaning of the defined words or the definitions of words contained in the Federal Rules of Civil Procedure. Defendant will interpret all words as defined in the Federal Rules of Civil Procedure or according to their ordinary meaning.

3. Defendant objects to the Requests to the extent they seek information that is confidential and proprietary, subject to a finding by this Court that the information sought is relevant or reasonably calculated to lead to the discovery of admissible evidence and where an appropriate protective order is first entered.

4. Defendant objects to the Requests to the extent that they seek information that is work product, protected by attorney-client privilege, or protected by any other privilege or privacy law. Nothing contained in the responses below is intended to be, nor should be considered, a waiver of any attorney-client privilege or work-product doctrine, right of privacy, privacy law, or any other applicable privilege or doctrine.

5. Defendant objects to the Requests to the extent they seek information that is not within Defendant's possession, custody, or control.

6. The fact that Defendant has responded or objected to any production request or any part thereof should not be taken as an admission by Defendant that it accepts or admits the existence of any facts set forth or assumed by such production request, or that such response or objection constitutes admissible evidence. The fact that Defendant has responded to all or part of

any production request is not intended as, and shall not be construed to be, a waiver of any objection to any production request.

7. Defendant objects to the Requests to the extent the information or documents requested are not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

8. Defendant objects to the Requests to the extent that they seek information already in Plaintiff's possession, custody, or control on the grounds that such requests are unduly burdensome, oppressive, and harassing.

9. Defendant's responses to the Requests set forth information, facts, and documents currently known to it. Defendant has not completed its investigation of the alleged facts underlying this action, its discovery, or its trial preparation, and, as a result, it may discover additional information in the course of further investigation, discovery, and trial preparation. Furthermore, although Defendant has made a diligent search and reasonable inquiry to locate responsive information, as discovery and investigation are continuing, it reserves the right to amend, supplement, or correct its responses if and when it has discovered other or additional information and to use such information in pretrial proceedings or at trial.

10. Defendant objects to any specific instructions that might be imposed with respect to the time and place of document production. Unless otherwise agreed between the parties, and depending upon the volume of documents involved, the requested documents will be produced to Plaintiff or otherwise made available for inspection and copying at a mutually convenient time upon reasonable notice at the office of Baker & McKenzie, 700 Louisiana, Suite 3000, Houston, Texas 77002.

11. Defendant objects to the Requests to the extent that they fail to define time periods or limits, or seek information outside of the relevant time period.

12. Each of the foregoing General Objections is hereby fully incorporated into each and every response set forth below. Defendant may repeat a General Objection for emphasis or for some other reason, but the failure to repeat any General Objection does not waive any General Objection to a given document request.

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:
All non-privileged documents evidencing your claim in a letter dated December 10, 2018 to the EEOC that "On that date, Charging Party was terminated by Mike McKey, Area manager, for failure to properly follow documented loading and unloading procedures, as well as pre-trip inspections, which led to his second spill of crude oil in less than 60 days."

### RESPONSE:
Xcalibur objects to this request because it improperly requires Xcalibur to marshal its evidence for trial. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request.

### REQUEST FOR PRODUCTION NO. 2:
All non-privileged documents evidencing your claim in a letter dated December 10, 2018 to the EEOC that "Xcalibur and its drivers were subject to myriad of policies and procedures for operating their vehicles safely."

### RESPONSE:
Xcalibur objects to this request because it is overbroad in seeking policies and procedures that are not relevant to the subject matter of this lawsuit. Subject to and without waiving its objections, Xcalibur will produce its Driver Policies and Procedures.

### REQUEST FOR PRODUCTION NO. 3:
All non-privileged documents evidencing your claim in a letter dated December 10, 2018 to the EEOC that "....Xcalibur policy clearly states that two preventable spills will result in the immediate termination of a driver."

### RESPONSE:
Xcalibur objects to this request because it improperly requires Xcalibur to marshal its evidence for trial. Subject to and without waiving its objections, Xcalibur will produce its Driver Policies and Procedures.

### REQUEST FOR PRODUCTION NO. 4:
All non-privileged documents evidencing your claim in a letter dated December 10, 2018 to the EEOC that "Two additional policies most relevant to this matter involve the safe loading and unloading of oil and the proper inspection of the equipment used to haul the oil."

### RESPONSE:
Xcalibur objects to this request because it improperly requires Xcalibur to marshal its evidence for trial. Subject to and without waiving its objections, Xcalibur will produce its Driver Policies and Procedures.

**REQUEST FOR PRODUCTION NO. 5:**
All non-privileged documents evidencing your claim in a letter dated December 10, 2018 to the EEOC that ".... DOT regulations dictate that Mr. Johnson conduct an inspection of his vehicle before and after his shift to ensure the equipment is working properly."

**RESPONSE:**
Xcalibur objects to this request because DOT regulations are publicly available and equally available to Plaintiff. Subject to and without waiving its objections, Xcalibur will produce its Driver Policies and Procedures referencing Department of Transportation regulations.

**REQUEST FOR PRODUCTION NO. 6:**
All non-privileged documents evidencing your claim in a letter dated December 10, 2018 to the EEOC that "Xcalibur policy also requires its drivers to inspect the tractor portion of its truck before and after their shifts and to complete the inspection report on a company-issued IPad, and to notate any mechanical issues on a "Mechanical Work Order" and turn them in prior to taking a trailer or, in the alternative, requesting another."

**RESPONSE:**
Xcalibur objects to this request because it is overbroad in requesting all documents regarding Xcalibur policy. Subject to and without waiving its objections, Xcalibur will produce its Driver Policies and Procedures.

**REQUEST FOR PRODUCTION NO. 7:**
All non-privileged documents evidencing your claim in a letter dated December 10, 2018 to the EEOC that "Company practice dictates that if they see a deficiency, they notate it and request a replacement or repair."

**RESPONSE:**
Xcalibur objects to this request it is overbroad in requesting all documents regarding Xcalibur practice. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 8:**
All non-privileged documents evidencing your claim in a letter dated December 10, 2018 to the EEOC that "Xcalibur offers 'demurrage' pay while the truck is being repaired or while they are waiting for a replacement to compensate them for their downtime so that drivers are not put in the position of losing money for equipment downtimes."

**RESPONSE:**
Xcalibur objects to this request because it is overbroad in requesting all Xcalibur documents regarding demurrage pay. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request.

### REQUEST FOR PRODUCTION NO. 9:
All non-privileged documents evidencing your claim in a letter dated December 10, 2018 to the EEOC that "Mr. Johnson was aware of this policy, as he turned in several work orders during his tenure. These dated back to December 4, 2017 where he requested items to be fixed or replaced...."

### RESPONSE:
Xcalibur objects to this request because it improperly requires Xcalibur to marshal its evidence for trial. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request.

### REQUEST FOR PRODUCTION NO. 10:
All non-privileged documents including any investigations, inspection reports, witnesses, and disciplinary actions thereto evidencing your claim in a letter dated December 10, 2018 to the EEOC that "On May 3, 2018, Mr. Johnson was loading at a station when he overfilled his trailer to the point of a spill."

### RESPONSE:
Xcalibur objects to this request because it improperly requires Xcalibur to marshal its evidence for trial. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request.

### REQUEST FOR PRODUCTION NO. 11:
All non-privileged documents evidencing your claim in a letter dated December 10, 2018 to the EEOC that "The subsequent investigation revealed that the barrel counter was not working properly and that Mr. Johnson was standing outside the immediate loading area while loading, which contributed to a 10 gallon spill."

### RESPONSE:
Xcalibur objects to this request because it improperly requires Xcalibur to marshal its evidence for trial. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request.

### REQUEST FOR PRODUCTION NO. 12:
All non-privileged documents evidencing your claim in a letter dated December 10, 2018 to the EEOC concerning a June 29, 2018 spill by Mr. Johnson including but not limited to: investigations, inspection reports, witness statements, and findings thereto.

### RESPONSE:
Xcalibur objects to this request because it is vague and does not specify a "claim" and because it is duplicative of other requests, including Request for Production 1. Xcalibur also objects because this request improperly requires Xcalibur to marshal its evidence for trial. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request.

### REQUEST FOR PRODUCTION NO. 13:
All non-privileged documents evidencing your claim in a letter dated December 10, 2018 to the EEOC that "At the time of his discharge, Mr. Johnson had the 7th longest tenure of the drivers.

Had Xcalibur assigned the 4 new tractors by seniority as alleged, he still would not have been entitled to one of the newer ones."

**RESPONSE:**
Xcalibur objects to this request because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Xcalibur also objects because this request improperly requires Xcalibur to marshal its evidence for trial. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 14:**
All non-privileged documents evidencing your claim in a letter dated December 10, 2018 to the EEOC that "On that date, Charging Party was terminated by Mike McKey, Area manager, for failure to properly follow documented loading and unloading procedures, as well as pre-trip inspections, which led to his second spill of crude oil in less than 60 days."

**RESPONSE:**
Xcalibur objects to this request because it is duplicative of other requests, including Requests for Production 1 and 12. Xcalibur objects because this request improperly requires Xcalibur to marshal its evidence for trial. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 15:**
All non-privileged documents evidencing your claim in a letter dated December 10, 2018 to the EEOC that you purchased 4 new tractors including dates of purchase, year/make/model of tractors, and all drivers who used such during the entirety of Mr. Johnson's tenure with Defendant.

**RESPONSE:**
Xcalibur objects to this request because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence including the year/make/model of the tractors and all drivers who used the tractors. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request regarding Tractors 3032, 3033, 3034, and 3035.

**REQUEST FOR PRODUCTION NO. 16:**
Documents evidencing all trucks, trailers or tractors purchased or leased during the entirety of Mr. Johnson's tenure with Defendant including dates of purchase or lease, year/make/model of such, and all drivers who used such during the entirety of Mr. Johnson's tenure with Defendant.

**RESPONSE:**
Xcalibur objects to this request because the request for documents regarding "all trucks, trailers or tractors purchased or leased" is overly broad, unduly burdensome, not limited to location, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including the year/make/model of the vehicles and all drivers who used the vehicles. Xcalibur also objects to this request because it is duplicative of other requests, including

Request for Production 15. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request regarding Tractors 3032, 3033, 3034, and 3035.

**REQUEST FOR PRODUCTION NO. 17:**
All documents evidencing how trucks or tractors are assigned at Defendant during the entirety of Mr. Johnson's tenure including that Drivers use the same tractor or truck used in their prior shift and decision-makers for such.

**RESPONSE:**
Xcalibur objects because this the request is vague and does not define "at Defendant" or "decision-makers" and overly broad because it does not limit the request to a certain location. Subject to and without waiving its objections, Xcalibur will produce its December 10, 2018 letter to the EEOC.

**REQUEST FOR PRODUCTION NO. 18:**
All non-privileged documents (including those related to the identity, tenure, skills and training of the other new employees of the stated two employees) evidencing your claim in a letter dated December 10, 2018 to the EEOC that "Initially, Xcalibur assigned the first two tractors to two drivers based on their tenure with the company and because of their demonstrated skills in training other new employees."

**RESPONSE:**
Xcalibur also objects to this request because it is vague and confusing as to "the other new employees of the stated two employees." Xcalibur also objects to this request because it is overly broad because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in seeking the "identity, tenure, skills and training of the other new employees of the stated two employees." Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 19:**
All non-privileged documents (including whether other Drivers did in fact use these trucks when one of the drivers were not on duty) evidencing your claim in a letter dated December 10, 2018 to the EEOC that "It is important to note that if one of these 2 drivers were not on duty, any of the other Drivers could have driven those trucks."

**RESPONSE:**
Xcalibur objects to this request because it is overly broad and non-specific in the documents it seeks and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 20:**
All non-privileged documents (including those related to the identity of the Drivers and days the other two new tractors were used by Drivers) evidencing your claim in a letter dated December 10, 2018 to the EEOC that "The other two new tractors were not assigned to any particular driver" during Plaintiff's tenure.

**RESPONSE:**
Xcalibur objects to this request because it is overly broad and non-specific in the documents it seeks, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, after a reasonably diligent search, Xcalibur has not located any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 21:**
All non-privileged documents (including the identity of the Drivers and the dates and start times said tractors were used by said Drivers) evidencing your claim in a letter dated December 10, 2018 to the EEOC that "They were taken very regularly by less senior drivers, but only because the tractors were available for use when they arrived at the yard."

**RESPONSE:**
Xcalibur objects to this request because it is overly broad and non-specific in the documents it seeks, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, after a reasonably diligent search, Xcalibur has not located any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 22:**
All documents including inspection reports and work orders evidencing the repair or replacement history of Tractor 3016 from January 1, 2016 to January 1, 2019.

**RESPONSE:**
Xcalibur objects to this request because it is not reasonably limited in time, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request regarding repair requests made by Plaintiff.

**REQUEST FOR PRODUCTION NO. 23:**
All documents and recordings including inspection reports and work orders evidencing the repair or replacement history of all trucks and tractors used by Defendant's drivers from January 1, 2016 to January 1, 2019.

**RESPONSE:**
Xcalibur objects to this request because it is overly broad, not reasonably limited in time or location, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request regarding repair requests made by Plaintiff.

**REQUEST FOR PRODUCTION NO. 24:**
All documents and recordings including inspection reports, notations, and work orders evidencing concerns, deficiencies, functionality, and/or the repair or replacement history that relate

specifically to the barrel counters on Defendant's trucks or tractors from January 1, 2016 to January 1, 2019.

**RESPONSE:**
Xcalibur objects to this request because it is overly broad, not reasonably limited in time or location, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiting its objections, Xcalibur will produce documents responsive to this request regarding repair requests made by Plaintiff.

**REQUEST FOR PRODUCTION NO. 25:**
Documents or recordings evidencing all spills (or claims of such) by Defendant's Drivers from January 1, 2016 to January 1, 2019 including any investigations thereof, statements, and disciplinary actions or termination.

**RESPONSE:**
Xcalibur objects to this request because it is not reasonably limited in time or location and unduly burdensome. Xcalibur also objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or immunity from discovery. Subject to and without waiving its objections, Xcalibur will produce written reports of spills or overflows at the Jal, New Mexico location from 2017 and 2018.

**REQUEST FOR PRODUCTION NO. 26:**
Documents or recordings evidencing all overflows (or claims of such) by Defendant's Drivers from January 1, 2016 to January 1, 2019 including any investigations thereof, statements, and disciplinary actions or termination.

**RESPONSE:**
Xcalibur objects to this request because it is not reasonably limited in time or location, and unduly burdensome. Xcalibur also objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or immunity from discovery. Subject to and without waiving its objections, Xcalibur will produce written reports of spills or overflows at the Jal, New Mexico location from 2017 and 2018.

**REQUEST FOR PRODUCTION NO. 27:**
Documents or recordings evidencing all failures to properly follow documented loading and/or unloading procedures (or claims of such) by Defendant's Drivers from January 1, 2016 to January 1, 2019 including any investigations thereof, statements, and disciplinary actions or termination.

**RESPONSE:**
Xcalibur objects to this request because it is overly broad, not reasonably limited in time or location, and unduly burdensome. Xcalibur also objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or immunity from discovery. Subject to and without

waiving its objections, Xcalibur will produce written reports of spills or overflows at the Jal, New Mexico location from 2017 and 2018 and Plaintiff's employment file.

**REQUEST FOR PRODUCTION NO. 28:**
Documents or recordings evidencing all failures or deficiencies related to pre-trip inspections (or claims of such) by Defendant's Drivers from January 1, 2016 to January 1, 2019 including any investigations thereof, statements, and disciplinary actions or termination.

**RESPONSE:**
Xcalibur objects to this request because it is vague in that it does not define or describe "failures or deficiencies," overly broad, not reasonably limited in time or location, and unduly burdensome. Xcalibur also objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or immunity from discovery. Subject to and without waiving its objections, Xcalibur will produce written reports of spills or overflows at the Jal, New Mexico location from 2017 and 2018 and Plaintiff's employment file.

**REQUEST FOR PRODUCTION NO. 29:**
Documents or recordings evidencing all failures (or claims of such) to follow DOT regulations by Defendant's Drivers from January 1, 2016 to January 1, 2019 including any investigations thereof, statements, and disciplinary actions or termination.

**RESPONSE:**
Xcalibur objects to this request because it is overly broad, not reasonably limited in time or location, and unduly burdensome. Xcalibur also objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or immunity from discovery. Subject to and without waiving its objections, Xcalibur will produce written reports of spills or overflows at the Jal, New Mexico location from 2017 and 2018 and Plaintiff's employment file.

**REQUEST FOR PRODUCTION NO. 30:**
Documents or recordings evidencing all failures (or claims of such) to report malfunctioning equipment by Defendant's Drivers from January 1, 2016 to January 1, 2019 including any investigations thereof, statements, and disciplinary actions or termination.

**RESPONSE:**
Xcalibur objects to this request because it is overly broad, not reasonably limited in time or location or location, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Xcalibur also objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or immunity from discovery. Subject to and without waiving its objections, Xcalibur will produce written reports of spills or overflows at the Jal, New Mexico location from 2017 and 2018 and Plaintiff's employment file.

**REQUEST FOR PRODUCTION NO. 31:**
Documents or recordings evidencing DOT violations from January 1, 2016 to January 1, 2019.

**RESPONSE:**
Xcalibur objects to this request because it is overly broad, unduly burdensome, not reasonably limited in time, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Xcalibur further objects because this request is impermissibly vague and does not specify by whom the "DOT violations" sought were committed. Subject to and without waiving its objections, Xcalibur will produce Plaintiff's employment file.

**REQUEST FOR DOCUMENTS NO. 32:**
Any and all documents which support, evidence, relate or otherwise pertain to any and all personnel policies of Defendant in effect during Plaintiff's employment, including but not limited to:
- (a) Employee discipline policies, including but not limited to, counseling, written warnings, suspension, demotion, Performance Improvement Plans, and termination policies and appeals of such;
- (b) Internal complaint or grievance procedures;
- (c) Equal Employment Opportunity (EEO) policies including but not limited to race discrimination and/or retaliation;
- (d) Assignment of trucks, tractors, and trailers;
- (e) Driving rules and regulations;
- (f) Terminations; and
- (g) Any policies related to matters in which Plaintiff was disciplined and/or terminated for allegedly violating.

**RESPONSE:**
Xcalibur objects to this request because "any and all personnel policies" is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request.

**REQUEST FOR DOCUMENTS NO. 33:**
Any and all of the following documents relating to the matters made the basis of this lawsuit:
- (a) Written statements of witnesses
- (b) Notes of interviews with witnesses
- (c) Tape recordings of any and all oral statements and/or interviews of witnesses
- (d) Transcriptions of any tape recordings of any and all oral statements and/or interviews of witnesses
- (e) Reports regarding the results of any and all investigations
- (f) Correspondence received from or sent to Plaintiff
- (g) Correspondence received from or sent to Defendant
- (h) Correspondence received from or sent to any person other than Defendant's counsel
- (i) Documents relating to or evidencing discussions between Plaintiff and Defendant
- (j) Documents relating to or evidencing discussions between Defendant and any person other than Defendant's counsel

(k) Documents received from or sent to any person other than Defendant's counsel.

**RESPONSE:**
Xcalibur objects because this request is duplicative of other requests, including Requests for Production 1 and 12. Xcalibur further objects that correspondence received from or sent to Plaintiff is equally available to Plaintiff. Xcalibur also objects that this request improperly requires Xcalibur to marshal its evidence for trial. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request.

**REQUEST FOR DOCUMENTS NO. 34:**
Any and all documents which support, evidence, relate to, or otherwise reflect any action taken by Defendant in response to Plaintiff's complaint or acknowledgement of discrimination based on race discrimination; retaliation; workplace misconduct; violence and/or differential treatment including but not limited to disciplinary action taken against others, etc.

**RESPONSE:**
Xcalibur objects because this request is vague, ambiguous, and unintelligible in its current form in that it does not define or describe "acknowledgement of discrimination." Xcalibur also objects to the extent that this request implies that Xcalibur made an "acknowledgement" of "race discrimination; retaliation; workplace misconduct; violence and/or differential treatment." Subject to and without waiving its objections, Xcalibur will produce its December 10, 2018 letter to the EEOC.

**REQUEST FOR DOCUMENTS NO. 35:**
The complete personnel file of Plaintiff including but not limited to any documents, records, memoranda, notes, or computer printouts which were part of his personnel file at any time.

**RESPONSE:**
Xcalibur objects to this request because it improperly seeks documents which are already within the possession, custody, or control of Plaintiff and/or equally available to Plaintiff. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request.

**REQUEST FOR DOCUMENTS NO. 36:**
Any and all documents not included in the personnel files of Plaintiff which support, evidence, relate or otherwise pertain to his employment with Defendant XCALIBUR LOGISTICS, including, but not limited to, documents relating to or reflecting job performance, awards, bonuses, discipline and/or Plaintiff's separation from his employment with Defendant.

**RESPONSE:**
Xcalibur objects to this request because it improperly seeks documents which are already within the possession, custody, or control of Plaintiff and/or equally available to Plaintiff. Xcalibur also objects because this request is duplicative of other requests, including Requests for Production 38 and 39. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request.

**REQUEST FOR DOCUMENTS NO. 37:**
Any and all documents which reflect or set forth the job duties and responsibilities of Plaintiff during his employment with you.

**RESPONSE:**
Xcalibur objects to this request because it is overly broad and non-specific. Xcalibur also objects that this request is duplicative of other requests, including Request for Production 35. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request.

**REQUEST FOR DOCUMENTS NO. 38:**
All correspondence received or sent by you related to Plaintiff's unemployment benefits including such involving Texas Workforce Commission.

**RESPONSE:**
Xcalibur objects to this request because it improperly seeks documents which are already within the possession, custody, or control of Plaintiff and/or equally available to Plaintiff. Xcalibur objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or immunity from discovery. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request.

**REQUEST FOR DOCUMENTS NO. 39:**
Any and all documents submitted to and/or received from the EEOC or TCHR which concern or relate in any way to Plaintiff's charge of discrimination filed with said agencies.

**RESPONSE:**
Xcalibur objects to this request because it improperly seeks documents which are already within the possession, custody, or control of Plaintiff and/or equally available to Plaintiff. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request.

**REQUEST FOR DOCUMENTS NO. 40:**
All documents which relate or pertain to the factual basis for any defense, including, without limitation, any affirmative defense, you assert in this civil action.

**RESPONSE:**
Xcalibur objects to this request because it is duplicative of other requests, including Requests for Production 1, 12, 14, and 39. Xcalibur also objects that this request improperly requires Xcalibur to marshal its evidence for trial. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request.

**REQUEST FOR DOCUMENTS NO. 41:**
Any and all documents which support, evidence, relate or otherwise pertain to any lawsuits, complaints, charges, or claims of race discrimination and retaliation made against Defendant from 2014 to the present.

**RESPONSE:**