IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JOHNSON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. 4:19-CV-02996 |
| XCALIBUR LOGISTICS, | § § § | |
| Defendant. | § | (JURY TRIAL DEMANDED) |

PLAINTIFF'S MOTION TO COMPEL
DEFENDANT'S DISCOVERY RESPONSES AND REQUEST FOR ORAL HEARING

# EXHIBIT B part 2

Xcalibur objects to this request because it improperly seeks documents which are already within the possession, custody, or control of Plaintiff and/or equally available to Plaintiff. Xcalibur further objects that this request as stated is overly broad, unduly burdensome, not reasonably limited in time, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR DOCUMENTS NO. 42:**
Any and all documents related to Plaintiff's termination.

**RESPONSE:**
Xcalibur objects to this request because it is duplicative of other requests, including Requests for Production 1, 12, and 39. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request.

**REQUEST FOR DOCUMENTS NO. 43:**
Any and all notes made by, for, or at the direction of any expert or provided to any expert by anyone (including consulting experts) in connection with this litigation.

**RESPONSE:**
Xcalibur objects to this request because it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or immunity from discovery. Xcalibur further objects to this request because it seeks to impose expert disclosure obligations on Xcalibur which exceed those required by the Federal Rules of Civil Procedure and the Court's Order Following Telephone Scheduling Conference. Xcalibur will comply with the disclosure requirements in the Federal Rules of Civil Procedure, as well as the Court's Order Following Telephone Scheduling Conference.

**REQUEST FOR DOCUMENTS NO. 44:**
Any and all documents or treatises that any expert has relied upon in forming his/her opinions in this lawsuit.

**RESPONSE:**
Xcalibur objects to this request because it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or immunity from discovery. Xcalibur further objects to this request because it seeks to impose expert disclosure obligations on Xcalibur which exceed those required by the Federal Rules of Civil Procedure and the Court's Order Following Telephone Scheduling Conference. Xcalibur will comply with the disclosure requirements in the Federal Rules of Civil Procedure, as well as the Court's Order Following Telephone Scheduling Conference.

**REQUEST FOR DOCUMENTS NO. 45:**
All documents which support, evidence, relate or otherwise pertain to grievances that have been expressed or filed either in writing or orally by Plaintiff.

**RESPONSE:**

Xcalibur objects to this request to the extent it is vague and does not define "grievances." Xcalibur also objects to this request to the extent that it improperly seeks documents which are already within the possession, custody, or control of Plaintiff and/or equally available to Plaintiff. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request.

**REQUEST FOR DOCUMENTS NO. 46:**
Any and all written or recorded statements of Plaintiff.

**RESPONSE:**
Xcalibur objects to this request to the extent it is overbroad, non-specific, and unduly burdensome. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request found in Plaintiff's personnel file.

**REQUEST FOR DOCUMENTS NO. 47:**
Any and all documents which support, evidence, relate or otherwise pertain to any claim that Defendant exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory behavior that occurred towards Plaintiff.

**RESPONSE:**
Xcalibur objects to the extent that this request improperly requires Xcalibur to marshal its evidence for trial. Xcalibur also objects to the presumption in this request that "any discriminatory or retaliatory behavior" occurred. Subject to and without waiving its objections, after a reasonably diligent search, Xcalibur has not located any documents responsive to this request.

**REQUEST FOR DOCUMENTS NO. 48:**
Any and all documents, including photographs, video and/or audio recordings that any consultant/expert has reviewed with respect to his/her retention as a consultant/expert in this lawsuit.

**RESPONSE:**
Xcalibur objects to this request because it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or immunity from discovery. Xcalibur further objects to this request because it seeks to impose expert disclosure obligations on Xcalibur which exceed those required by the Federal Rules of Civil Procedure and the Court's Order Following Telephone Scheduling Conference. Xcalibur will comply with the disclosure requirements in the Federal Rules of Civil Procedure, as well as the Court's Order Following Telephone Scheduling Conference.

**REQUEST FOR DOCUMENTS NO. 49:**
From January 1, 2014 to present, all documents, recordings, videos, photographs, correspondence, or tangible things that evidence race discrimination and retaliation training and policies communicated to your staff.

**RESPONSE:**
Xcalibur objects to the extent that this request is overbroad, not reasonably limited in time, and unduly burdensome. Subject to and without waiving its objections, Xcalibur will produce its company policies responsive to this request in effect during Plaintiff's employment.

**REQUEST FOR DOCUMENTS NO. 50:**
Produce a list of all documents, communications, or things which Defendant is withholding from disclosure or discovery pursuant to a claim of privilege or a claim of protection of trial preparation materials.

**RESPONSE:**
Xcalibur objects to this request because numerous requests specifically exempt attorney-client privileged documents from the requests. Subject to and without waiving its objections, Xcalibur will produce a privilege log should it withhold responsive documents under a claim of privilege.

**REQUEST FOR DOCUMENTS NO. 51:**
All reports, notes, depositions, transcriptions, correspondence, or other documents in the custody or control of any expert and prepared by, for, or at the direction of any expert that involve any analysis, examination, testing, or opinions of any expert in consultations or litigation concerning matters that are similar in nature to the incident made the basis of this lawsuit or to the opinions of any expert in this lawsuit.

**RESPONSE:**
Xcalibur objects to this request because it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or immunity from discovery. Xcalibur further objects to this request because it seeks to impose expert disclosure obligations on Xcalibur which exceed those required by the Federal Rules of Civil Procedure and the Court's Order Following Telephone Scheduling Conference. Xcalibur will comply with the disclosure requirements in the Federal Rules of Civil Procedure, as well as the Court's Order Following Telephone Scheduling Conference.

**REQUEST FOR DOCUMENTS NO. 52:**
Any and all document which evidence or relate to disciplinary action, oral or in writing, formal or informal, taken against Plaintiff during his entire employment with you.

**RESPONSE:**
Xcalibur objects that the request as stated is overly broad and unduly burdensome. Xcalibur also objects to this request to the extent it is duplicative of other requests, including Requests for Production 35 and 42. Subject to and without waiving its objections, Xcalibur will produce Plaintiff's employment file.

**REQUEST FOR DOCUMENTS NO. 53:**
Produce copies of all letters, notes, electronic mail and correspondence of any type you have in your possession from Plaintiff or any agent of yours regarding his employment and/or the matters made the basis of this lawsuit.

**RESPONSE:**
Xcalibur objects because the request is overly broad, vague in that it does not define "agent," unduly burdensome, and confusing as written. Xcalibur also objects to this request because it improperly seeks documents which are already within the possession, custody, or control of Plaintiff and/or equally available to Plaintiff. Xcalibur also objects to this request because it is duplicative of other requests, including Requests for Production 35 and 36. Xcalibur also objects to the request to the extent it calls for any documents protected from discovery by the attorney-client privilege, the attorney-work product doctrine, and/or any other privilege or immunity from discovery. Subject to and without waiving its objections, Xcalibur will produce Plaintiff's personnel file, Xcalibur's December 10, 2018 letter to the EEOC, and communications with the Texas Workforce Commission.

**REQUEST FOR DOCUMENTS NO. 54:**
All documents you have subpoenaed from any third party during or in connection with this lawsuit.

**RESPONSE:**
Xcalibur objects to this request because it is overly broad, not restricted in its subject matter, and vague in that it does relate "during" to the subject matter of this lawsuit. Subject to and without waiving its objections, after a reasonably diligent search, Xcalibur has not located any documents responsive to this request.

**REQUEST FOR DOCUMENTS NO. 55:**
Produce any and all documents which support or evidence compensation paid to Plaintiff during his employment with you including but not limited to, salary, bonuses, and commissions.

**RESPONSE:**
Xcalibur objects to this request because it improperly seeks documents which are already within the possession, custody, or control of Plaintiff and/or equally available to Plaintiff. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request.

**REQUEST FOR DOCUMENTS NO. 56:**
Produce a copy of all recorded conversations with any person who may have knowledge of relevant facts.

**RESPONSE:**
Xcalibur objects to this request because it is overbroad and is vague in that it does not define "relevant facts" or "recorded." Subject to and without waiving its objections, Xcalibur is not aware of any responsive documents to this request.

**REQUEST FOR DOCUMENTS NO. 57:**
Produce a copy of all affidavits or statements from any witnesses or parties to this case.

**RESPONSE:**
Xcalibur objects to this request because it is overbroad, vague, and non-specific such that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request that are related to the subject matter of this lawsuit.

**REQUEST FOR DOCUMENTS NO. 58:**
All statements, whether written, recorded, or transcriptions of oral statements, made by Defendant's agents or employees relating to matters made the basis of this lawsuit.

**RESPONSE:**
Xcalibur objects to this request because it is duplicative of other requests, including Requests for Production 1, 12, 14, and 57. Xcalibur also objects to the request to the extent it calls for any documents protected from discovery by the attorney-client privilege, the attorney-work product doctrine, and/or any other privilege or immunity from discovery. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request.

**REQUEST FOR DOCUMENTS NO. 59:**
All documents and things you or your attorneys have obtained from anyone who is not a party to this lawsuit relating to the claims and allegations in this proceeding.

**RESPONSE:**
Xcalibur objects to this request because it is overbroad and duplicative of other requests, including Requests for Production 6 and 38. Xcalibur also objects to the request to the extent it calls for any documents protected from discovery by the attorney-client privilege, the attorney-work product doctrine, and/or any other privilege or immunity from discovery. Subject to and without waiving its objections, Xcalibur will produce documents from the EEOC and Texas Workforce Commission relating to the subject matter of this lawsuit.

**REQUEST FOR DOCUMENTS NO. 60:**
All documents provided to, reviewed by, relied on or prepared by any individual identified as an expert witness in this case.

**RESPONSE:**
Xcalibur objects to this request because it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or immunity from discovery. Xcalibur further objects to this request because it seeks to impose expert disclosure obligations on Xcalibur which exceed those required by the Federal Rules of Civil Procedure and the Court's Order Following Telephone Scheduling Conference. Xcalibur will comply with the disclosure requirements in the Federal Rules of Civil Procedure, as well as the Court's Order Following Telephone Scheduling Conference.

**REQUEST FOR DOCUMENTS NO. 61:**
Any employment agreements between you and Plaintiff.

**RESPONSE:**
Xcalibur objects to this request because it is vague in that it does not define or describe "employment agreements." Xcalibur also objects because it is duplicative of other requests,

including Request for Production 35. Subject to and without waiving its objections, Xcalibur will produce Plaintiff's employment file.

**REQUEST FOR DOCUMENTS NO. 62:**
Any and all contractual indemnity agreements under which Defendant's insurance carriers might be liable to satisfy part or all of a judgment for Plaintiff which may be entered in this action or to indemnify or reimburse for payments made to satisfy a judgment for Plaintiff as may be entered in this action, including the name of the insurance carrier, the type of insurance, and the period of coverage.

**RESPONSE:**
Xcalibur objects to this request because the scope of the request is overly broad and it seeks information that is premature. Subject to and without waiving its objections, Xcalibur will supplement its response to this request.

**REQUEST FOR DOCUMENTS NO. 63:**
Any and all documents which support, evidence, relate or otherwise pertain to any claim that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or otherwise to avoid harm.

**RESPONSE:**
Xcalibur objects to this request because it is vague in that it does not define "preventative or corrective opportunities," overbroad, and confusing. Xcalibur further objects that this request improperly requires Xcalibur to marshal its evidence for trial. Subject to and without waiving its objections, Xcalibur will produce Plaintiff's personnel file and its Driver Policies and Procedures.

**REQUEST FOR DOCUMENTS NO. 64:**
All documents, including but not limited to "time sheets," bills, invoices, and/or receipts, that support your claim for reasonable attorney's fees, costs, and expenses in this case.

**RESPONSE:**
Xcalibur objects to this request because it is premature and will only be relevant or reasonably calculated to lead to the discovery of admissible evidence if and when Xcalibur prevails in this lawsuit. Xcalibur also objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or immunity from discovery.

**REQUEST FOR DOCUMENTS NO. 65:**
Each and every piece of correspondence or other indicia of communication between any third-party and you related to this litigation.

**RESPONSE:**
Xcalibur objects to this request because it is broad, non-specific, and unduly burdensome. Xcalibur further objects because this request is vague and does not define "third-party." Xcalibur also objects to this request to the extent it seeks information that is protected from discovery by the

attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or immunity from discovery. Xcalibur further objects because it is duplicative of other requests, including Requests for Production 38, 39, and 69. Subject to and without waiving its objections, Xcalibur will produce documents from the EEOC and Texas Workforce Commission relating to the subject matter of this lawsuit.

**REQUEST FOR DOCUMENTS NO. 66:**
All contracts for legal services between you and your counsel in this case.

**RESPONSE:**
Xcalibur objects to this request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Xcalibur also objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or immunity from discovery.

**REQUEST FOR DOCUMENTS NO. 67:**
All contracts or agreements between any expert and any other party or organization concerning any expert's availability to review claims or litigation as an expert in connection with this litigation.

**RESPONSE:**
Xcalibur objects to this request because it is duplicative of other requests, including Requests for Production 48, 51, and 60. Xcalibur also objects because this request is vague and does not define "any other party or organization." Xcalibur objects to this request because it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or immunity from discovery. Xcalibur further objects to this request because it seeks to impose expert disclosure obligations on Xcalibur which exceed those required by the Federal Rules of Civil Procedure and the Court's Order Following Telephone Scheduling Conference. Xcalibur will comply with the disclosure requirements in the Federal Rules of Civil Procedure, as well as the Court's Order Following Telephone Scheduling Conference.

**REQUEST FOR DOCUMENTS NO. 68:**
All documents reflecting your document retention policies on employment records.

**RESPONSE:**
Xcalibur objects to this request because it is not limited in time and requests documents not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request if any exist.

**REQUEST FOR DOCUMENTS NO. 69:**
Any and all documents that evidence, represent, describe or relate to your statements or positions to the EEOC.

**RESPONSE:**

Xcalibur objects to this request because it improperly seeks documents which are already within the possession, custody, or control of Plaintiff and/or equally available to Plaintiff. Xcalibur also objects because this request is duplicative of other requests, including Request for Production 39. Xcalibur further objects because this request is overbroad and not specific to the subject matter of this lawsuit. Xcalibur objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or immunity from discovery. Subject to and without waiving its objections, Xcalibur will produce documents submitted to the EEOC relating to the subject matter of this lawsuit.

**REQUEST FOR DOCUMENTS NO. 70:**
Any and all emails and text messages concerning Plaintiff.

**RESPONSE:**
Xcalibur objects because this request is overbroad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Xcalibur objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or immunity from discovery. Xcalibur also objects to the extent that this request is duplicative of other requests, including Request for Production 35. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request.

**REQUEST FOR DOCUMENTS NO. 71:**
All documents which evidence, describe, concern, or otherwise relate to the allegations in Plaintiff's Complaint, Demand and Charge of Discrimination.

**RESPONSE:**
Xcalibur objects because this request is duplicative of other requests, including Requests for Production 39 and 69. Xcalibur objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or immunity from discovery. Xcalibur also objects that this request improperly requires Xcalibur to marshal its evidence for trial. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request.

**REQUEST FOR DOCUMENTS NO. 72:**
All documents which evidence, describe, concern, or otherwise relate to your defenses to the allegations in Plaintiff's Complaint, Demand and Charge of Discrimination.

**RESPONSE:**
Xcalibur objects that this request improperly requires Xcalibur to marshal its evidence for trial. Xcalibur also objects to the extent that this request is duplicative of other requests, including Requests for Production 39 and 69. Xcalibur objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or immunity from discovery. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request.

**REQUEST FOR DOCUMENTS NO. 73:**

All documents, recordings, videos, photographs, correspondences, or tangible things that support or evidence your answer to Interrogatory #1 including subparts e, f, g and h.

**RESPONSE:**
Xcalibur objects to this request because it is overbroad, unduly burdensome, not reasonably limited in time, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including dates of hire, address, demurrage pay, all disciplinary actions, all documents regarding work orders, and separation information. Xcalibur also objects because this request seeks personal identifiable information of Xcalibur employees. Xcalibur further objects because the underlying interrogatory requests information on several different subject matters, and hence constitutes multiple interrogatories under the Federal Rules. Subject to and without waiving its objections, Xcalibur will produce written reports of spills or overflows at the Jal, New Mexico location from 2017 and 2018.

**REQUEST FOR DOCUMENTS NO. 74:**
All documents, recordings, videos, photographs, correspondences, or tangible things that support or evidence your answer to Interrogatory #2.

**RESPONSE:**
Xcalibur objects to this request because it is improperly seeks information which is already within the possession, custody, or control of Plaintiff and/or equally available to Plaintiff. Xcalibur also objects because this request is vague and confusing as to what it seeks, specifically in asking for "threats made by Plaintiff." Xcalibur objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or immunity from discovery. Subject to and without waiving its objections, Xcalibur will produce documents regarding and communications with the U.S. Equal Employment Opportunity Commission regarding the Charge filed by Plaintiff.

**REQUEST FOR DOCUMENTS NO. 75:**
All documents, recordings, videos, photographs, correspondence, or tangible things that support or evidence your answer to Interrogatory #3.

**RESPONSE:**
Xcalibur objects to this request because it is overbroad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, such as each driver's shift, all vehicle repairs, all mechanics who repaired vehicles, and all drviers who used Tractors 3032, 3033, 3034, and 3035. Xcalibur further objects because this request is vague regarding who is a "decision-maker" and because the underlying interrogatory requests information on several different subject matters, and hence constitutes multiple interrogatories under the Federal Rules. Subject to and without waiving its objections, Xcalibur's pre-trip and post-trip records (which record the truck each driver drove each shift as well as any repairs or maintenance needed on the truck) were stored in a program called QV21. Following the sale of Xcalibur's assets on December 31, 2019, Xcalibur no longer has access to those QV21 records. Xcalibur also refers to and incorporates by reference documents Bates labeled XCALIBUR1247-1249.

**REQUEST FOR DOCUMENTS NO. 76:**
All documents, recordings, videos, photographs, correspondences, or tangible things that support or evidence your answer to Interrogatory #4.

**RESPONSE:**
Xcalibur objects to this request because it is unduly burdensome in seeking the above information about every employee or worker of Defendant who lodged at the Merryman RV Park, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Xcalibur also objects because this request seeks personal identifiable information of Xcalibur employees. Subject to and without waiving its objections, Christopher Johnson is the only employee who lodged at the Merryman RV Park from 2017-2018 who filed an EEOC Charge against Xcalibur and Xcalibur will produce communications with the EEOC and documents regarding Plaintiff's Charge.

**REQUEST FOR DOCUMENTS NO. 77:**
All documents, recordings, videos, photographs, correspondences, or tangible things that support or evidence your answer to Interrogatory #5.

**RESPONSE:**
Xcalibur objects because this request is vague in that it does not define "claims or complaints made against Plaintiff" and is confusing as to "the persons receiving the complaints." Xcalibur also objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or immunity from discovery. Subject to and without waiving its objections, Xcalibur will produce Plaintiff's employment file.

**REQUEST FOR DOCUMENTS NO. 78:**
All documents, recordings, videos, photographs, correspondences, or tangible things that support or evidence your answer to Interrogatory #6.

**RESPONSE:**
Xcalibur objects to this request because it is overbroad and unduly burdensome in seeking information that is clear from the face of documents. Subject to and without waiving its objections, Xcalibur will produce its communications with the U.S. Equal Employment Opportunity Commission and the Texas Workforce Commission.

**REQUEST FOR DOCUMENTS NO. 79:**
All documents, recordings, videos, photographs, correspondences, or tangible things that support or evidence your answer to Interrogatory #7.

**RESPONSE:**
Xcalibur objects to this request because it is overbroad, unduly burdensome, not reasonably limited in time, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Xcalibur objects because the underlying interrogatory requests information on several different subject matters, and hence constitutes multiple interrogatories

under the Federal Rules. Subject to and without waiving its objections, Xcalibur will produce Plaintiff's employment file and written reports of spills or overflows at the Jal, New Mexico location from 2017 and 2018.

**REQUEST FOR DOCUMENTS NO. 80:**
All documents, recordings, videos, photographs, correspondence, or tangible things that support or evidence your answer to Interrogatory #8.

**RESPONSE:**
Xcalibur objects to this request because it is overbroad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Xcalibur also objects to the extent this request seeks confidential employee information. Subject to and without waiving its objections, Xcalibur has provided relevant information sought in its Interrogatory response.

**REQUEST FOR DOCUMENTS NO. 81:**
All documents, recordings, videos, photographs, correspondence, or tangible things that support or evidence your answer to Interrogatory #9.

**RESPONSE:**
Xcalibur objects to this request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Xcalibur has provided relevant information sought in its Interrogatory response.

**REQUEST FOR DOCUMENTS NO. 82:**
All documents, recordings, videos, photographs, correspondence, or tangible things that support or evidence your answer to Interrogatory #10.

**RESPONSE:**
Xcalibur objects to this request to the extent it is improperly seeks information which is already within the possession, custody, or control of Plaintiff and/or equally available to Plaintiff. Xcalibur also objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or immunity from discovery. Subject to and without waiving its objections, Xcalibur has provided relevant information sought in its Interrogatory response.

**REQUEST FOR DOCUMENTS NO. 83:**
All documents, recordings, videos, photographs, correspondence, or tangible things that support or evidence your answer to Interrogatory #11.

**RESPONSE:**
Xcalibur objects to this request because it is vague in failing to define "supervise or direct" and it is overly broad and non-specific. Subject to and without waiving its objections, Subject to and without waiving its objections, Xcalibur has provided relevant information sought in its Interrogatory response.

**REQUEST FOR DOCUMENTS NO. 84:**
All documents, recordings, videos, photographs, correspondence, or tangible things that support or evidence your answer to Interrogatory #12.

**RESPONSE:**
Xcalibur objects to this request because it improperly requires Xcalibur to marshal its evidence for trial. Xcalibur also objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or immunity from discovery. Xcalibur further objects to this request to the extent it improperly seeks information which is already within the possession, custody, or control of Plaintiff and/or equally available to Plaintiff. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request.

**REQUEST FOR DOCUMENTS NO. 85:**
All documents, recordings, videos, photographs, correspondence, or tangible things that support or evidence your answer to Interrogatory #13.

**RESPONSE:**
Xcalibur objects to this request because it is unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Xcalibur also objects to this request because it is improperly seeks information which is already within the possession, custody, or control of Plaintiff and/or equally available to Plaintiff. Subject to and without waiving its objections, Xcalibur will produce documents responsive to this request.

**REQUEST FOR DOCUMENTS NO. 86:**
All documents, recordings, videos, photographs, correspondence, or tangible things that support or evidence your answer to Interrogatory #14.

**RESPONSE:**
Xcalibur objects to this request because it does not define or explain "overflows" and "spills." Xcalibur further objects to this request because "all documents that discuss such" are not reasonably limited or identified. Subject to and without waiving its objections, Xcalibur has provided relevant information sought in its Interrogatory response.

**REQUEST FOR DOCUMENTS NO. 87:**
The disciplinary history, performance history, spill or overage history, evaluations and termination of Edwardo Patino, Alem Jimmerson, Mac Williams and Mike Rowe.

**RESPONSE:**
Xcalibur objects to this request because it is overbroad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in seeking the disciplinary history, performance history, spill or overage history, evaluations and terminations of Edwardo Patino, Alem Jimmerson, Mac Williams and Mike Rowe. Subject to and without waiving its objections, Xcalibur will produce written reports of spills or overflows at the

Jal, New Mexico location from 2017 and 2018, including those of Edwardo Patino, Alem Jimmerson, Mac Williams and Mike Rowe.