IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JOHNSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | C.A. No. 4:19-CV-02996 |
| | § | |
| XCALIBUR LOGISTICS, | § | |
| | § | |
| *Defendant.* | § | (JURY TRIAL DEMANDED) |

**PLAINTIFF'S MOTION TO COMPEL**
**DEFENDANT'S DISCOVERY RESPONSES AND REQUEST FOR ORAL HEARING**

# EXHIBIT C

LAW OFFICES OF

# 𝕶𝖆𝖙𝖗𝖎𝖓𝖆 𝕻𝖆𝖙𝖗𝖎𝖈𝖐

6575 WEST LOOP SOUTH, SUITE 500
BELLAIRE, TEXAS 77401
KATRINAPATRICKLAW.COM          (713) 796-8218          KATRINA@VOICEOFTHEEMPLOYEES.COM

February 1, 2021

Lindsay Brett
Brendan Cook
Katie Zinecker
700 Louisiana, Suite 300
Houston, TX 77002

> RE: *Johnson v. Xcalibur Logistics, LLC*

Dear Counselors:

Please accept this correspondence for conference purposes, and as an attempt to limit issues to be addressed by the Court in the event a Motion to Compel is needed. To that end, please contact me to discuss the issues enumerated below within seven (7) calendar days of your receipt of this letter. Please provide answers to the following Interrogatories and Requests for Documents below.

Please provide answers to the following Interrogatories and Requests for Production of Documents.

Remove all general objections, as such are wholly inappropriate.

## INTERROGATORY 1 & PRODUCTION NO 73:
The information sought is specifically related to Plaintiff's race discrimination and retaliation claims.

First, Defendant refused to provide answers dating back to January 1, 2014 to give full context.

Next, Defendant refused to answer fully as to each subpart including a (as you know decision-makers are key in employment discrimination cases to ensure we are properly assessing the experiences of similarly-situated employees), b (these persons are potential witnesses in this suit including other victims and we have an opportunity to interview them), c (date of hire is key to assessing the background of the witnesses), e (demurrage pay is a key component in this case, as the argument is that African Americans received inferior trucks and were forced to drive those trucks or lose pay, f (the disciplinary history of said employees is critical for proper context), g (all documents and things related to the repair or concern history of such vehicles) and h (whether said employee separated from Defendant, when, why and by whom.

## INTERROGATORY NO. 2 & PRODUCTION NO 74:
The information sought is specifically related to Plaintiff's retaliation claim and his engagement in protected activity. Defendant cited to the EEOC's file and yet those pages fail to answer the specific interrogatory. Please respond as to the persons receiving the complaints, the persons he complained

about, the exact nature of the complaints, the investigation undertaken as a result of such complaints, all individuals who participated - in any way - in any investigation conducted by Defendant regarding Plaintiff's complaints, all persons talked to about such complaints including witnesses interviewed, the outcome of the investigation, and dates of each such action identified herein.

### INTERROGATORY 3 & PRODUCTION NO 75:
The information sought is specifically related to Plaintiff's race discrimination and retaliation claims.

First, Plaintiff filed a charge of discrimination on October 24, 2018, mediated on June 26, 2019 and filed suit on August 12, 2019 – well before Defendant sold its assets on December 31, 2019.

Next, Defendant refused to answer fully as to each subpart for a mere one year period. Answer such fully.

### INTERROGATORY 4 & PRODUCTION NO 76:
The information sought is specifically related to Plaintiff's race discrimination and retaliation claims.

First, Defendant refused to provide a responsive answer including identifying persons who are potential witnesses in this suit including other victims and we have an opportunity to interview them.

### INTERROGATORY 5 & PRODUCTION NO 77:
The information sought is specifically related to Plaintiff's race discrimination and retaliation claims.

Defendant refused to provide complete responses to such including "the persons receiving the complaints, the exact nature of the complaints, the investigation undertaken as a result of such complaints, all individuals who participated - in any way - in any investigation conducted by Defendant regarding such complaints, all persons talked to about such complaints including witnesses interviewed, the outcome of the investigation, and dates of each such action identified herein."

### INTERROGATORY NO. 6 & PRODUCTION NO 78:
The information sought is specifically related to Plaintiff's discrimination and retaliation claim including identifying potential witnesses. Defendant cited to certain bates-labeled documents and yet those pages fail to answer the specific interrogatory. Please respond.

### INTERROGATORY 7 & PRODUCTION NO 79:
The information sought is specifically related to Plaintiff's race discrimination and retaliation claims.

Defendant refused to provide complete responses to such including "(i) list all persons involved in the decision to discipline Plaintiff including his termination, (ii) the known roles of each persons, (iii) all specific reasons for such employment action e.g., the disciplinary action and termination, (iv) all drivers disciplined up to and including termination for the same or similar reasons as Plaintiff from January 1, 2014 to December 31, 2018, and (v) whether any other person was held responsible for, or disciplined along with, Plaintiff for his or her involvement as to each such incident."

**INTERROGATORY 8 & PRODUCTION NO 80:**
The information sought is specifically related to Plaintiff's race discrimination and retaliation claims.

Specifically, these are key employees whose conduct or work experiences will be at the heart of this case. Plaintiff has a right to discover more about such persons.

Defendant failed to wholly answer as to: Bruce Johnson, Elisas "Eli" Ashley, Edwardo Patino, Alem Jimmerson, Mac Williams, Mike Rowe, and Reginald Warmsley. Please respond in full.

As to Miller, Smith, McKey, Ardrey and Maronen, answer as to the reasons for their separation and all such decisionmakers.

**INTERROGATORY 10 & PRODUCTION NO 82:**
The information sought is specifically related to Plaintiff's race discrimination and retaliation claims and the company culture at Defendant's workplace.

Defendant failed to wholly answer as to: (i) person receiving the complaint, (ii) the exact nature of the complaint, (iii) all conversations had with complainant about such complaint, (iv) the investigation undertaken as a result of such a complaint, (v) the individuals involved in said complaint including witnesses interviewed, (vi) dates of each such action, and (vii) the details of each investigation.

**INTERROGATORY 12 & PRODUCTION NO 84:**
The information sought is specifically related to Plaintiff's race discrimination and retaliation claims and Defendant's defense thereto.

Defendant lodged a number of meritless objections and then vowed to supplement. It has been 9 months. Supplement.

**INTERROGATORY 13 & PRODUCTION NO 85:**
The information sought is specifically related to Plaintiff's damages.

Defendant lodged a number of meritless objections, answered some, and then vowed to supplement. It has been 9 months. Supplement fully.

**PRODUCTION NO 1, 3, 4, 7, 8, 10, 11, 12, 14, 18, 19, 20, 21, 22, 32, 40:**
By identifying the bates-label, what documents are responsive thereto?

**PRODUCTION NO 13:**
By identifying the bates-label, what documents are responsive thereto? Also, how many times did Daniel Campos Garcia, David Campos and any others start at Defendant, end their employment at Defendant and start again? Please identify all start and separation times with Defendant.

**PRODUCTION NO 15:**
This request asks as to "new tractors" bought. By identifying the bates-label, what documents are responsive thereto? Too, where can I find the dates purchased, year/make/model, and all drivers who used such during Mr. Johnson's entire tenure?

3

**PRODUCTION NO 16:**
Setting aside the tractors referenced in Production No 15, this request asks as to all others used during Mr. Johnson's tenure. Where can I find the dates purchased, year/make/model, and all drivers who used such during Mr. Johnson's entire tenure, as you limited this request to those in Production No. 15 above?

**PRODUCTION NO 17:**
Aside from the letter to the EEOC, are there any documents that evidence such?

**PRODUCTION NO 23, 24, 31:**
This request is not limited to that involving Mr. Johnson.

**PRODUCTION NO 26, 27, 28, 29, 30, 31:**
This request is not limited to 2017 and 2018.

**PRODUCTION NO 33, 34, 37, 45, 50, 52, 59, 62, 64, 65, 66, 70 (texts):**
I do not see documents responsive thereto. Am I missing something?

**PRODUCTION NO 41, 87:**
Please respond.

**PRODUCTION NO 43, 44, 48, 67:**
The expert deadline has ended. I do not see documents responsive thereto. Am I missing something?

We certainly hope we can resolve this short of court intervention with Defendant's voluntary supplementation. I am happy to discuss Defendant's concerns with you soon, should you wish.

Yours truly,

Katrina Patrick
Attorney at Law

cc: Christopher Johnson

LAW OFFICES OF

# ℑatrina ℑatrick

6575 WEST LOOP SOUTH, SUITE 500
BELLAIRE, TEXAS 77401
WWW.KATRINAPATRICKLAW.COM

August 23, 2021

Lindsay Brett
Brendan Cook
Katie Zinecker
700 Louisiana, Suite 300
Houston, TX 77002

RE: *Johnson v. Xcalibur Logistics, LLC*

Dear Counselors:

Please accept this correspondence for conference purposes, and as an attempt to limit issues to be addressed by the Court in the event a Motion to Compel is needed. To that end, please contact me to discuss the issues enumerated below within seven (7) calendar days of your receipt of this letter.

We certainly hope we can resolve this short of court intervention with Defendant's voluntary supplementation. I am happy to discuss Defendant's concerns with you soon, should you wish.

If *any* of this is an issue, we should post-pone next week's deposition and seek Court intervention. I would hate to spend time and monies on a deposition wherein questions like these will be asked if there will be objections and/or unresolved issues.

Please provide answers to Plaintiff's Second Set of Interrogatories, Requests for Documents and Admissions below.

Remove all general objections, as such are wholly inappropriate.

**INTERROGATORY 16:**
The information sought is specifically related to Plaintiff's race discrimination and retaliation claims. Plaintiff and other witnesses assert that Defendant's vehicles were among the worst in the industry. Plaintiff also maintains that he was terminated under the ruse that he had two spills. Plaintiff's response is that said spills were not his fault but occurred because of the poor condition of Defendant's trucks and/or trailers. The mechanics are potential witnesses but also the number of mechanics, or lack thereof, also buttress Plaintiff's claims of vehicle malfunction.

**INTERROGATORY NO. 17:**
The information sought is specifically related to Plaintiff's race discrimination and retaliation claims. Said persons are comparators. Their history with Defendant is key. For example, some drivers received new trucks and/or trailers before Plaintiff despite having less seniority. Defendant claimed

1

differently. The records, sworn to, are needed.

**ADMISSIONS 4-5:**
Defendant is fully aware of who "Sal" is given their attorney deposed him using just the name "Sal." At any rate, "Sal" is thought to be Salvador Perez.

**ADMISSIONS 6-9:**
Defendant is fully aware of what incidents Plaintiff references given their attorney deposed him on such. Regardless, making such meritless objections without also answering is bad faith.

**ADMISSIONS 10-14:**
Defendant is fully aware of its recruiting and hiring processes including whether it conducted background checks on its staff. Regardless, making such meritless objections without also answering is bad faith.

**ADMISSIONS 15:**
Defendant is fully aware of what incidents Plaintiff references given their attorney deposed him on such. Regardless, making such meritless objections without also answering is bad faith.

**ADMISSIONS 16-22:**
Defendant is fully aware of its policies and practices as noted in such admissions. Regardless, making such meritless objections without also answering is bad faith.

**ADMISSIONS 23-24, 102:**
Defendant is fully aware of whether Plaintiff was disciplined up to and including discharged for certain specifically requested instances especially given their attorney deposed him on such. Regardless, making such meritless objections without also answering is bad faith.

**ADMISSIONS 25-101, 103-104, 107-170:**
Defendant is fully aware of whether it disciplined up to and including discharged Plaintiff's comparators for certain specifically requested instances as well as whether said employees made outcries of discrimination. These persons are comparators. Regardless, making such meritless objections without also answering is bad faith.

**ADMISSIONS 92:**
Defendant is fully aware of whether Plaintiff was disciplined up to and including discharged for certain specifically requested instances especially given their attorney deposed him on such. Regardless, making such meritless objections without also answering is bad faith.

**PRODUCTION NO. 88-92, 101-102, 104-111:**
The information sought is specifically related to Plaintiff's race discrimination and retaliation claims. Said persons are comparators and/or key managerial witnesses who oppose Defendant's conduct. Their backgrounds including disciplinary history with Defendant is key. For example, some drivers received new trucks and/or trailers before Plaintiff despite having less seniority. Defendant claimed differently.

**PRODUCTION NO. 93-100, 103:**
The information sought is specifically related to Plaintiff's race discrimination and retaliation claims. Plaintiff and other witnesses assert that Defendant's vehicles were among the worst in the industry. Plaintiff also maintains that he was terminated under the ruse that he had two spills. Plaintiff's response is that said spills were not his fault but occurred because of the poor condition of Defendant's trucks and/or trailers. Such information buttresses Plaintiff's claims of vehicle malfunction and disparate treatment.

**PRODUCTION NO. 112-118, 121, 123:**
The information sought is specifically related to Plaintiff's race discrimination and retaliation claims and whether Defendant improperly or illegally transferred assets to avoid responsibility. Furthermore, this request is set to discover other such claims against Defendant.

**PRODUCTION NO. 119, 120, 122, 124-131:**
The information sought is specifically related to Plaintiff's race discrimination and retaliation claims. It requests information related to Defendant's policies and practices made the basis of this suit including those incidents Defendant claims Plaintiff violated.

Yours truly,

Katrina Patrick
Attorney at Law

cc: Christopher Johnson

**Katrina Patrick**

| | |
|---|---|
| **From:** | Katrina Patrick |
| **Sent:** | <mark>Tuesday, September 7, 2021 6:34 PM</mark> |
| **To:** | Brett, Lindsay Wright |
| **Cc:** | Zinecker, Katie; Cook, Brendan D |
| **Subject:** | RE: Johnson v. Xcalibur Logistics |
| **Attachments:** | Johnson Motion to Compel.pdf |

Counselors,

Here is a template of the motion to compel that plaintiff will be forced to file if we cannot agree on terms. I took the extra time to organize it by categories for our convenience.

I am available tomorrow and Wednesday to discuss same.

Let me know what works for you.

Respectfully,

Katrina Patrick
Law Offices of Katrina Patrick
6575 West Loop South Freeway, #500
Bellaire, TX 77401
(713)796-8218 direct line
(281)399-5537 facsimile
Voted Houston's Top Lawyer &/or Top Lawyer for the People by H Texas Magazine
www.katrinapatricklaw.com

---

**From:** Brett, Lindsay Wright <Lindsay.Brett@Bakermckenzie.com>
**Sent:** Tuesday, August 31, 2021 9:43 AM
**To:** Katrina Patrick <Katrina@voiceoftheemployees.com>
**Cc:** Zinecker, Katie <Katie.Zinecker@bakermckenzie.com>; Cook, Brendan D <Brendan.Cook@bakermckenzie.com>
**Subject:** RE: Johnson v. Xcalibur Logistics

Ok, thank you for letting me know.

Regards,
Lindsay

**Lindsay Wright Brett**
Attorney, Litigation
Baker & McKenzie LLP
700 Louisiana, Suite 3000
Houston, TX 77002
United States
Tel: +1 713 427 5000
Direct: 713-427-5048
Fax: +1 713 427 5099
lindsay.brett@bakermckenzie.com



**From:** Katrina Patrick <Katrina@voiceoftheemployees.com>
**Sent:** Tuesday, August 31, 2021 9:18 AM
**To:** Brett, Lindsay Wright <Lindsay.Brett@Bakermckenzie.com>
**Cc:** Zinecker, Katie <Katie.Zinecker@bakermckenzie.com>; Cook, Brendan D <Brendan.Cook@bakermckenzie.com>
**Subject:** [EXTERNAL] Re: Johnson v. Xcalibur Logistics

I'm still working out plaintiff's discovery concerns with defendant's 30b6 objections and defendant's responses to our recent discovery letter.

Once done, I will contact you to reschedule a discussion on same.

I will not be ready for meaningful dialogue at 10 a.m.

Thanks in advance for your understanding.


Respectfully,


Katrina Patrick
Law Offices of Katrina Patrick
6575 West Loop South, #500
Bellaire, TX 77401
(713)796-8218 direct line

Voted Houston's Top Lawyer &/or Top Lawyer for the People by H Texas Magazine
www.katrinapatricklaw.com




> On Aug 30, 2021, at 5:06 PM, Katrina Patrick <Katrina@voiceoftheemployees.com> wrote:
>
>  Will you resend me Def's bates-label 1246-49?
>
> I have misplaced my copies.
>
> Thanks.
>
> Respectfully,
>
> Katrina Patrick

Law Offices of Katrina Patrick
6575 West Loop South, #500
Bellaire, TX 77401
(713)796-8218 direct line

Voted Houston's Top Lawyer &/or Top Lawyer for the People by H Texas Magazine
www.katrinapatricklaw.com

> On Aug 30, 2021, at 10:15 AM, Brett, Lindsay Wright
> <Lindsay.Brett@bakermckenzie.com> wrote:
>
> My office line will work, as I plan to be in the office tomorrow - see below for my direct
> number.
>
> Regards,
> Lindsay
>
> **Lindsay Wright Brett**
> Attorney, Litigation
> Baker & McKenzie LLP
> 700 Louisiana, Suite 3000
> Houston, TX 77002
> United States
> Tel: +1 713 427 5000
> Direct: 713-427-5048
> Fax: +1 713 427 5099
> lindsay.brett@bakermckenzie.com
>
> <image001.png>
>
> bakermckenzie.com | Facebook | LinkedIn | Twitter
>
> ---
>
> **From:** Katrina Patrick <Katrina@voiceoftheemployees.com>
> **Sent:** Monday, August 30, 2021 10:10 AM
> **To:** Brett, Lindsay Wright <Lindsay.Brett@Bakermckenzie.com>; Zinecker, Katie
> <Katie.Zinecker@bakermckenzie.com>; Cook, Brendan D
> <Brendan.Cook@bakermckenzie.com>
> **Subject:** [EXTERNAL] RE: Johnson v. Xcalibur Logistics
>
> 10 a.m. works.  Thanks.  Who shall I phone?
>
> Respectfully,
>
> Katrina Patrick
> Law Offices of Katrina Patrick
> 6575 West Loop South Freeway, #500
> Bellaire, TX 77401
> (713)796-8218 direct line
> (281)399-5537 facsimile

Voted Houston's Top Lawyer &/or Top Lawyer for the People by H Texas
Magazine
www.katrinapatricklaw.com

**From:** Brett, Lindsay Wright <Lindsay.Brett@Bakermckenzie.com>
**Sent:** Monday, August 30, 2021 10:01 AM
**To:** Katrina Patrick <Katrina@voiceoftheemployees.com>; Zinecker, Katie
<Katie.Zinecker@bakermckenzie.com>; Cook, Brendan D
<Brendan.Cook@bakermckenzie.com>
**Subject:** RE: Johnson v. Xcalibur Logistics

Hi Katrina,

Yes, we are happy to discuss and we will let Mr. Gibson know that his deposition is being
postponed. How is 10 or 11 tomorrow?

Regards,
Lindsay

**Lindsay Wright Brett**
Attorney, Litigation
Baker & McKenzie LLP
700 Louisiana, Suite 3000
Houston, TX 77002
United States
Tel: +1 713 427 5000
Direct: 713-427-5048
Fax: +1 713 427 5099
lindsay.brett@bakermckenzie.com

<image001.png>

bakermckenzie.com | Facebook | LinkedIn | Twitter

**From:** Katrina Patrick <Katrina@voiceoftheemployees.com>
**Sent:** Monday, August 30, 2021 9:25 AM
**To:** Brett, Lindsay Wright <Lindsay.Brett@Bakermckenzie.com>; Zinecker, Katie
<Katie.Zinecker@bakermckenzie.com>; Cook, Brendan D
<Brendan.Cook@bakermckenzie.com>
**Subject:** [EXTERNAL] RE: Johnson v. Xcalibur Logistics

All,

I have reviewed Defendant's discovery responses and letter from last Friday.

I believe we need to resolve discovery differences before I depose Mr. Gibson. I will
take you up on your offer to postpone tomorrow's deposition for a later date. Are you
available tomorrow to discuss plaintiff's discovery concerns as to both the 30b6 notice
and last set of discovery? I am rather flexible tomorrow given the cancellation.

Respectfully,

Katrina Patrick
Law Offices of Katrina Patrick
6575 West Loop South Freeway, #500
Bellaire, TX 77401
(713)796-8218 direct line
(281)399-5537 facsimile
Voted Houston's Top Lawyer &/or Top Lawyer for the People by H Texas
Magazine
www.katrinapatricklaw.com

**From:** Brett, Lindsay Wright <Lindsay.Brett@Bakermckenzie.com>
**Sent:** Friday, August 27, 2021 8:35 AM
**To:** Katrina Patrick <Katrina@voiceoftheemployees.com>; Zinecker, Katie
<Katie.Zinecker@bakermckenzie.com>; Cook, Brendan D
<Brendan.Cook@bakermckenzie.com>
**Subject:** RE: Johnson v. Xcalibur Logistics

Hi Katrina,

Please find attached a letter addressing your concerns from your letter earlier this
week.  If you would like to discuss any of the issues discussed in our letter or in yours,
please let us know.

Regards,
Lindsay

**Lindsay Wright Brett**
Attorney, Litigation
Baker & McKenzie LLP
700 Louisiana, Suite 3000
Houston, TX 77002
United States
Tel: +1 713 427 5000
Direct: 713-427-5048
Fax: +1 713 427 5099
lindsay.brett@bakermckenzie.com

<image001.png>

bakermckenzie.com | Facebook | LinkedIn | Twitter

This message may contain confidential and privileged information. If it has been sent to
you in error, please reply to advise the sender of the error and then immediately delete
this message. Please visit www.bakermckenzie.com/disclaimers for other important
information concerning this message.

**From:** Katrina Patrick <Katrina@voiceoftheemployees.com>
**Sent:** Thursday, August 26, 2021 1:01 PM
**To:** Zinecker, Katie <Katie.Zinecker@bakermckenzie.com>; Brett, Lindsay Wright
<Lindsay.Brett@Bakermckenzie.com>; Cook, Brendan D
<Brendan.Cook@bakermckenzie.com>
**Subject:** [EXTERNAL] RE: Johnson v. Xcalibur Logistics

Please find a letter dated same. I have concerns about next week's deposition. I would hate to spend time and money at said deposition if there are going to be a number of objections lodged. Shall we seek clarity from the Court beforehand?


Respectfully,

Katrina Patrick
Law Offices of Katrina Patrick
6575 West Loop South Freeway, #500
Bellaire, TX 77401
(713)796-8218 direct line
(281)399-5537 facsimile
Voted Houston's Top Lawyer &/or Top Lawyer for the People by H Texas Magazine
www.katrinapatricklaw.com

**From:** Katrina Patrick
**Sent:** Monday, August 23, 2021 5:00 PM
**To:** Zinecker, Katie <Katie.Zinecker@bakermckenzie.com>; Brett, Lindsay Wright <Lindsay.Brett@Bakermckenzie.com>; Cook, Brendan D <Brendan.Cook@bakermckenzie.com>
**Subject:** Johnson v. Xcalibur Logistics

Please find a letter dated same. I have concerns about next week's deposition. I would hate to spend time and money at said deposition if there are going to be a number of objections lodged. Shall we seek clarity from the Court beforehand?

Respectfully,

Katrina Patrick
Law Offices of Katrina Patrick
6575 West Loop South Freeway, #500
Bellaire, TX 77401
(713)796-8218 direct line
(281)399-5537 facsimile
Voted Houston's Top Lawyer &/or Top Lawyer for the People by H Texas Magazine
www.katrinapatricklaw.com

LAW OFFICES OF

# Katrina Patrick

6575 WEST LOOP SOUTH, SUITE 500
BELLAIRE, TEXAS 77401
WWW.KATRINAPATRICKLAW.COM

September 21, 2021

Lindsay Brett
Brendan Cook
Katie Zinecker
700 Louisiana, Suite 300
Houston, TX 77002

RE: *Johnson v. Xcalibur Logistics, LLC*

Dear Counselors:

This is to advise you that I intend on filing a motion seeking discovery sanctions.

On January 30, 2020, Plaintiff Johnson propounded his first set of discovery to defendant. Defendant answered them. We sent a second set of discovery on June 28, 2021. Defendant only recently provided substantive responses thereto under threat of a motion to compel.

We have had several discussions about defendant's discovery responses related to Plaintiff Johnson's comparators.

Now, at the last hour, Defendant produces bates label XCALIBUR 001293. In it, I learned quite a lot. I learned that where Defendant first disclosed about 17 drivers as comparators, recently it disclosed over 170 drivers. *And,* unbeknownst to the undersigned, many of them were cited for safety violations similar to Plaintiff Johnson.

I plan on seeking sanctions for Defendant and its attorneys' failure to timely disclose such unless defendant i) provide all documentation related to all disciplinary actions against said drivers including but not limited to those newly disclosed in bates label XCALIBUR 001293 and ii) agree to an extension of Plaintiff Johnson's response to Defendant's Motion for Summary Judgment giving him time to receive, sort and utilize said information.

Please advise by this Friday.

Yours truly,

Katrina Patrick
Attorney at Law

cc: Christopher Johnson

1

**INTERROGATORY NO. 1:**
List every driver who worked or performed duties for Defendant at the Jal, New Mexico location from January 1, 2014 to December 31, 2018 and including Edwardo Patino, Alem Jimmerson, Mac Williams and Mike Rowe setting forth as to each:
   a) their immediate supervisors and Area Managers,
   b) last known residential address and telephone number,
   c) date of hire,
   d) race,
   e) all demurrage pay to the driver during this time-frame,
   f) all oral or written disciplinary actions received by said driver regarding performance including but not limited to i) spills, ii) overflows, iii) failure to properly follow documented loading and unloading procedures, iv) pre-trip inspection deficiencies, v) safety, and vi) speeding
        a. dates of such performance concerns,
        b. listing the cost or damage such performance issues resulted in (if any), and
        c. all decision-makers involved in the disciplinary action,
   g) all documents (e.g., notations, reports, emails, text messages and the like) and recordings concerning or involving work orders, inspections, malfunctions, deficiencies, concerns, and repairs, fixes or replacements needed or requested with their company-issued vehicles and equipment (e.g., tractors, tankers and trailers) and
   h) date, reason for separation and all decision-makers (where applicable).
**ANSWER:**

**REQUEST FOR DOCUMENTS NO. 73:**
All documents, recordings, videos, photographs, correspondences, or tangible things that support or evidence your answer to Interrogatory #1 including subparts e, f, g and h.

==

**INTERROGATORY NO. 7:**
Identify all oral or written disciplinary actions against Plaintiff up to and including termination and as to each: (i) list all persons involved in the decision to discipline Plaintiff including his termination, (ii) the known roles of each persons, (iii) **all** specific reasons for such employment action e.g., the disciplinary action and termination, (iv) all drivers disciplined up to and including termination for the same or similar reasons as Plaintiff from January 1, 2014 to December 31, 2018, and (v) whether any other person was held responsible for, or disciplined along with, Plaintiff for his or her involvement as to each such incident.
**ANSWER:**

**REQUEST FOR DOCUMENTS NO. 79:**
All documents, recordings, videos, photographs, correspondences, or tangible things that support or evidence your answer to Interrogatory #7.

==

**Request for Production No. 25:**
Documents or recordings evidencing all spills (or claims of such) by Defendant's Drivers from January 1, 2016 to January 1, 2019 including any investigations thereof, statements, and disciplinary actions or termination.

**Request for Production No. 26:**
Documents or recordings evidencing all overflows (or claims of such) by Defendant's Drivers from January 1, 2016 to January 1, 2019 including any investigations thereof, statements, and disciplinary actions or termination.

**Request for Production No. 28:**
Documents or recordings evidencing all failures or deficiencies related to pre-trip inspections (or claims of such) by Defendant's Drivers from January 1, 2016 to January 1, 2019 including any investigations thereof, statements, and disciplinary actions or termination.

**Request for Production No. 29:**
Documents or recordings evidencing all failures (or claims of such) to follow DOT regulations by Defendant's Drivers from January 1, 2016 to January 1, 2019 including any investigations thereof, statements, and disciplinary actions or termination.

**Request for Production No. 30:**
Documents or recordings evidencing all failures (or claims of such) to report malfunctioning equipment by Defendant's Drivers from January 1, 2016 to January 1, 2019 including any investigations thereof, statements, and disciplinary actions or termination.

**REQUEST FOR DOCUMENTS NO. 88:**
All documents and things related to the job applications, disciplinary history (whether oral or written, formal or informal), counseling, performance, behavioral issues, spills or overages, evaluations, speed alerts, and separation documents of Eligio Aquilar, Elias Ashley, Daniel Campos, David Campos, Manuel Carillo, Roman De Lara, Abel Guillen, Jose Guerrero, Antonio "Tony" Harris, Trenton Hicks, Steve Horn, Jeremy Jackson, Alem Jimmerson, Bruce Johnson, Hovey Levi, Antonio Olivo (or Olivio), Hector Ortiz, Edwardo Patino, Ray Perez, Salvador Perez, William Poole, Mike Rowe, Greg Tapia, Bobby Valdez, Reginald Warmsley, Mac Williams, Chris Zacarias, and Shannon Smith.

**REQUEST FOR DOCUMENTS NO. 102:**
From January 1, 2015 to December 31, 2018, all disciplinary actions related to the Jal, New Mexico drivers.

**REQUEST FOR DOCUMENTS NO. 129:**
All policies that relate to disciplining up to termination of a driver with a spill or overflow.

| Payroll Name | Reports To Name | Location | Payroll Company Code | Job Title | Hire/Rehire Date |
|---|---|---|---|---|---|
| Abakar, Alsadik A | Smith, Shannon | Jal | WH6 | Truck Driver | 06/13/2017 |
| Abakar, Hassan M A | Smith, Shannon | Jal | WH6 | Truck Driver | 07/26/2017 |
| Acosta, Armando | Smith, Shannon | Jal | WH6 | Truck Driver | 03/16/2017 |
| Aguilera, Eligio | Maronen, Jeffery | Jal | WH6 | Truck Driver | 04/11/2017 |
| Alberty, Arrie L | McKey, Michael | Jal | WH6 | Truck Driver | 02/07/2018 |
| Alejos, Mario A | McKey, Michael | Jal | WH6 | Truck Driver | 02/14/2018 |
| Alonzo, Victor Palomino | Smith, Shannon | Jal | WH6 | Truck Driver | 07/18/2017 |
| Anchondo Rios, Jose Luis | McKey, Michael | Jal | WH6 | Truck Driver | 04/25/2018 |
| Anderson, Joseph D | McKey, Michael | Jal | WH6 | Truck Driver | 05/16/2018 |
| Anderson, Maurice Lydell | McKey, Michael | Jal | WH6 | Truck Driver | 03/28/2018 |
| Andrade-Romero, Miguel A | McKey, Michael | Jal | WH6 | Truck Driver | 04/18/2018 |
| Archuleta, Robert | McKey, Michael | Jal | WH6 | Truck Driver | 06/20/2018 |
| Ashley, Elias J | McKey, Michael | Jal | WH6 | Truck Driver | 01/24/2018 |
| Banfield, Bryan Allen | McKey, Michael | Jal | WH6 | Truck Driver | 01/09/2018 |
| Barnes, Rickey Joseph | McKey, Michael | Jal | WH6 | Truck Driver | 06/27/2018 |
| Bautista, Manny | McKey, Michael | Jal | WH6 | Truck Driver | 03/28/2018 |
| Bell III, Levorne | Smith, Shannon | Jal | WH6 | Truck Driver | 09/27/2017 |
| Benard, Shannon Darnell | Smith, Shannon | Jal | WH6 | Truck Driver | 10/25/2017 |
| Berleth, Cecil Rex | McKey, Michael | Jal | WH6 | Truck Driver | 08/30/2017 |
| Blackshire, Jonathon Lee | McKey, Michael | Jal | WH6 | Truck Driver | 02/28/2018 |
| Brown, Clifford Jay | Smith, Shannon | Jal | WH6 | Truck Driver | 08/02/2017 |
| Brown, Tewayne Necomuse | McKey, Michael | Jal | WH6 | Truck Driver | 02/14/2018 |
| Bryant, Ralph F | McKey, Michael | Jal | WH6 | Truck Driver | 05/02/2018 |
| Buckley, Raymond G | McKey, Michael | Jal | WH6 | Truck Driver | 03/28/2018 |
| Burke, Robert Latheri | McKey, Michael | Jal | WH6 | Truck Driver | 03/14/2018 |
| Bustillos Ruiz, Javier | Smith, Shannon | Jal | WH6 | Truck Driver | 02/15/2016 |
| Cabrera, Jose Osiel | McKey, Michael | Jal | WH6 | Truck Driver | 04/11/2018 |
| Campos Garcia, Daniel | McKey, Michael | Jal | WH6 | Truck Driver | 05/23/2016 |
| Campos, David Isai | McKey, Michael | Jal | WH6 | Truck Driver | 02/23/2017 |
| Caraway, Kenneth W | McKey, Michael | Jal | WH6 | Truck Driver | 06/06/2018 |
| Cardenas, Luis Melendez | McKey, Michael | Jal | WH6 | Truck Driver | 05/16/2018 |
| Carrillo, Manuel | McKey, Michael | Jal | WH6 | Truck Driver | 03/28/2018 |
| Cereceres, Martin | McKey, Michael | Jal | WH6 | Truck Driver | 05/30/2018 |
| Charrier, Christopher James | McKey, Michael | Jal | WH6 | Truck Driver | 04/04/2018 |
| Chavez, Martin A | McKey, Michael | Jal | WH6 | Truck Driver | 04/11/2018 |
| Childs, Ernest David | McKey, Michael | Jal | WH6 | Truck Driver | 02/14/2018 |
| Cooper, Byron | McKey, Michael | Jal | WH6 | Truck Driver | 02/14/2018 |
| Cordoba Villegas, Jorge | McKey, Michael | Jal | WH6 | Truck Driver | 01/19/2017 |
| Cornwell, Robert Douglas | McKey, Michael | Jal | WH6 | Truck Driver | 06/06/2018 |
| Crask, Andrew Mark | Smith, Shannon | Jal | WH6 | Truck Driver | 09/13/2017 |
| Curtis, Crystal K | McKey, Michael | Jal | WH6 | Truck Driver | 01/24/2018 |
| Danckert, Gabriel Andrew | McKey, Michael | Jal | WH6 | Truck Driver | 05/16/2018 |
| Dart, Michael John | McKey, Michael | Jal | WH6 | Truck Driver | 11/22/2017 |
| De Jesus Pozadas, Ernesto | McKey, Michael | Jal | WH6 | Truck Driver | 02/28/2018 |


EX B

September 21, 2021

Lindsay Brett
Brendan Cook
Katie Zinecker
700 Louisiana, Suite 300
Houston, TX 77002

RE: *Johnson v. Xcalibur Logistics, LLC*

Dear Counselors:

This is to advise you that I intend on filing a motion seeking discovery sanctions.

On January 30, 2020, Plaintiff Johnson propounded his first set of discovery to defendant. *See Exhibit A.* Defendant answered them.

We have had several discussions about defendant's discovery responses related to Mr. Ashley. You have always maintained that defendant provided all such responsive documents related thereto. Based thereon, plaintiff noticed, deposed, and paid for a number of depositions.

Now, at the last hour, defendant produces bates label XCALIBUR 001285-1287. *See Exhibit B.* In it, I learned quite a lot. For instance, I learned that there was a witness named David McKinnon. *And,* I learned that Mr. Maronen was aware of the intimate details involving Mr. Ashley and Plaintiff Johnson despite his deposition testimony.

I plan on seeking sanctions for defendant and its attorneys' failure to timely disclose such information until there was my recent threat to file a motion to compel unless defendant: i) represent and pay for Plaintiff Johnson to redepose Mr. Maronen based thereon, ii) agree to an extension of Plaintiff Johnson's response to Defendant's Motion for Summary Judgment, and iii) assist with our locating David McKinnon.

Please advise by this Friday.

Yours truly,

Katrina Patrick
Attorney at Law

cc: Christopher Johnson

**INTERROGATORY NO. 2:**

Please identify with specificity any and all claims or complaints including but not limited to those concerning discrimination, retaliation, violence, and threats made <u>by</u> Plaintiff to or against Defendant including but not limited to those involving Bruce Johnson and/or Elisas "Eli" Ashley setting forth as to each: the persons receiving the complaints, the persons he complained about, the exact nature of the complaints, the investigation undertaken as a result of such complaints, all individuals who participated - in any way - in any investigation conducted by Defendant regarding Plaintiff's complaints, all persons talked to about such complaints including witnesses interviewed, the outcome of the investigation, and dates of each such action identified herein.

**ANSWER:**

**REQUEST FOR DOCUMENTS NO. 74:**

All documents, recordings, videos, photographs, correspondences, or tangible things that support or evidence your answer to Interrogatory #2.

**INTERROGATORY NO. 8:**

As to Bruce Johnson, Elisas "Eli" Ashley, Shannon Smith, Edwardo Patino, Alem Jimmerson, Mac Williams, Mike Rowe, Reginald Warmsley, Jerry Miller, Mike McKey, and Jeff Maronen, state the following: their dates of hire, dates of separation, all job titles held, all reasons for separation with Defendant and all decisionmakers involved in said separation.

**ANSWER:**

**REQUEST FOR DOCUMENTS NO. 80:**

All documents, recordings, videos, photographs, correspondence, or tangible things that support or evidence your answer to Interrogatory #8.

Ex A

| From: | Gloria Davila-Turner |
|---|---|
| Sent: | Tuesday, March 13, 2018 9:25 AM |
| To: | Jeffrey Maronen; Arturo Arreola |
| Cc: | Mike McKey; Grae Griffin; Rody Grant; Sandi Hayes; Christy Brown; Ivonne Carbajal-Vega |
| Subject: | Elias Ashley TERM 3/13/18 944508 |

## FILE NUMBER 944508

Elias Ashley's Involuntary (Discharged) Termination, as of 3/13/2018, was updated in ADP and Payroll is being notify of Mr. Ashley's termination



Gloria Davila-Turner | Human Resource Generalist
12140 Wickchester Ln, Ste 100 | Houston, TX 77079
Tel: 713-600-2612 | Fax: 281-833-4863
gdavila-turner@nu-devco.com

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you are not the named addressee you should not disseminate, distribute, or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing, or taking any action in reliance on the contents of this information is strictly prohibited.

**From:** Jeffrey Maronen
**Sent:** Tuesday, March 13, 2018 7:55 AM
**To:** Arturo Arreola
**Cc:** Mike McKey; Grae Griffin; Rody Grant; Sandi Hayes; Gloria Davila-Turner
**Subject:** RE: Elias Ashley

Gather up all of His belongings get them out of the bunkhouse get all of our equipment back,

Terminate effective immediately hold check

Get word to this individual that he may not enter the bunk house for any reason



Jeffrey Maronen | Director
12140 Wickchester Ln, Ste 100 | Houston, TX 77079
Tel: 832-320-2920 | Mobile: 832-549-0560 |
jmaronen@xcaliburlogistics.com | https://www.xcaliburlogistics.com

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you are not the named addressee you should not disseminate, distribute, or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing, or taking any action in

Ex B

**XCALIBUR 001285**

reliance on the contents of this information is strictly prohibited.

**From:** Arturo Arreola
**Sent:** Tuesday, March 13, 2018 7:50 AM
**To:** Jeffrey Maronen
**Cc:** Mike McKey
**Subject:** Re: Elias Ashley

Police Department has confirmed he is in their custody for Aggravated Assault and DUI.

As soon as I get 7:00 am shift out I'll go and take pictures.

Chris Johnson's statement to the police will be ready to pick up this afternoon. I'll have him write down another statement.

Arturo Arreola Jr
M: 915-487-3854



**Arturo Arreola | Assistant Operations Manager**
12140 Wickchester Ln, Ste 100 | Houston, TX 77079

aarreola@xcaliburlogistics.com | https://www.xcaliburlogistics.com

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you are not the named addressee you should not disseminate, distribute, or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing, or taking any action in reliance on the contents of this information is strictly prohibited.

On Mar 13, 2018, at 06:42, Jeffrey Maronen <jmaronen@xcaliburlogistics.com> wrote:

1. Call the police department now and find out.
2. Go to bunkhouse and take pictures of damage
3. Get statements from witnesses

I need to have confirmation of the arrest. There is no drinking allowed in the bunkhouses.

Jeffrey Maronen



**Jeffrey Maronen | Director**
12140 Wickchester Ln, Ste 100 | Houston, TX 77079

Tel: 832-320-2920 | Mobile: 832-549-0560 |
jmaronen@xcaliburlogistics.com | https://www.xcaliburlogistics.com

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you are not the named addressee you should not disseminate, distribute, or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing, or taking any action in reliance on the contents of this information is strictly prohibited.

On Mar 13, 2018, at 7:16 AM, Arturo Arreola <aarreola@xcaliburlogistics.com>
wrote:

> I just received notice that Elias Ashley was arrested last night. I have not confirmed this with the police, this is what I have heard from other drivers. He was very drunk last night at the man camp and according to Chris Johnson, he made several derogatory comments and threatened him with a knife. Chris advised that a police report was filed and that he witnessed them picking up Elias. Elias' roommate, David McKinnon, also confirmed that he was very drunk and that he heard an altercation happening last night outside of his room. According to Chris Johnson, Elias caused property damage by kicking the skirting on the outside of the man camp trailer as well.



Arturo Arreola | Assistant Operations Manager
12140 Wickchester Ln, Ste 100 | Houston, TX 77079

aarreola@xcaliburlogistics.com | https://www.xcaliburlogistics.com

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you are not the named addressee you should not disseminate, distribute, or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing, or taking any action in reliance on the contents of this information is strictly prohibited.