**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER JOHNSON,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **C.A. No. 4:19-CV-02996** |
| | § | |
| **XCALIBUR LOGISTICS,** | § | |
| | § | |
| *Defendant.* | § | **(JURY TRIAL DEMANDED)** |

**PLAINTIFF'S MOTION TO COMPEL**
**DEFENDANT'S DISCOVERY RESPONSES AND REQUEST FOR ORAL HEARING**

# EXHIBIT D (part 1)

# RESPONSES TO SECOND SET OF DISCOVERY (JULY 27, 2021)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER JOHNSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:19-cv-02996** |
| | § | |
| **XCALIBUR LOGISTICS, LLC** | § | |
| | § | |
| **Defendant.** | § | **(JURY TRIAL DEMANDED)** |

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES, SECOND REQUEST FOR PRODUCTION OF DOCUMENTS, AND SECOND REQUEST FOR ADMISSIONS

To:  Christopher Johnson, by and through his attorney of record, Katrina Patrick, 6575 West Loop South, Suite 500, Bellaire, Texas 77401.

Pursuant to the Federal Rules of Civil Procedure, Defendant Xcalibur Logistics, LLC ("Xcalibur" or "Defendant") hereby serves the following Objections and Responses to Plaintiff's Second Set of Interrogatories, Second Request for Production of Documents, and Second Request for Admissions.

Respectfully submitted,

BAKER & McKENZIE LLP

By:     /s/ Lindsay Wright Brett
        Brendan D. Cook
        (*attorney-in-charge*)
        Texas Bar No. 04721700
        Fed. ID No. 5030
        Lindsay Wright Brett
        Texas Bar No. 24079608
        Fed. ID No. 138776
        Kathrine L. Zinecker
        Texas Bar No. 24106623
        Fed. ID No. 3158864
        700 Louisiana Suite 300
        Houston, TX 77002
        Telephone: (713) 427-5000
        Facsimile: (713) 427-5099
        brendan.cook@bakermckenzie.com
        lindsay.brett@bakermckenzie.com
        katie.zinecker@bakermckenzie.com

        ATTORNEYS FOR DEFENDANT
        XCALIBUR LOGISTICS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been served on lead counsel of record on July 27, 2021 by electronic mail, electronic filing, facsimile, hand delivery, and/or U.S. certified mail, return receipt requested:

Katrina Patrick
Law Offices of Katrina Patrick
6575 West Loop South, #500
Bellaire, Texas 77401
katrina@voiceoftheemployees.com


*Attorney for Plaintiff.*

                                 /s/ Kathrine L. Zinecker
                                Kathrine L. Zinecker

2

## GENERAL OBJECTIONS

1.      Defendant objects to the Requests to the extent that they seek information or seek to impose obligations upon Defendant beyond those set forth or required by the Federal Rules of Civil Procedure, or any other applicable law or rules.

2.      Defendant objects to Plaintiff's definitions to the extent that they contradict or modify the ordinary meaning of the defined words or the definitions of words contained in the Federal Rules of Civil Procedure. Defendant will interpret all words as defined in the Federal Rules of Civil Procedure or according to their ordinary meaning.

3.      Defendant objects to the Requests to the extent they seek information that is confidential and proprietary, subject to a finding by this Court that the information sought is relevant or reasonably calculated to lead to the discovery of admissible evidence and where an appropriate protective order is first entered.

4.      Defendant objects to the Requests to the extent that they seek information that is work product, protected by attorney-client privilege, or protected by any other privilege or privacy law. Nothing contained in the responses below is intended to be, nor should be considered, a waiver of any attorney-client privilege or work-product doctrine, right of privacy, privacy law, or any other applicable privilege or doctrine.

5.      Defendant objects to the Requests to the extent they seek information that is not within Defendant's possession, custody, or control.

6.      The fact that Defendant has responded or objected to any production request or any part thereof should not be taken as an admission by Defendant that it accepts or admits the existence of any facts set forth or assumed by such production request, or that such response or objection constitutes admissible evidence. The fact that Defendant has responded to all or part of

any production request is not intended as, and shall not be construed to be, a waiver of any objection to any production request.

7.      Defendant objects to the Requests to the extent the information or documents requested are not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

8.      Defendant objects to the Requests to the extent that they seek information already in Plaintiff's possession, custody, or control on the grounds that such requests are unduly burdensome, oppressive, and harassing.

9.      Defendant's responses to the Requests set forth information, facts, and documents currently known to it. Defendant has not completed their investigation of the alleged facts underlying this action, its discovery, or its trial preparation, and, as a result, it may discover additional information in the course of further investigation, discovery, and trial preparation. Furthermore, although Defendant has made a diligent search and reasonable inquiry to locate responsive information, as discovery and investigation are continuing, it reserves the right to amend, supplement, or correct its responses if and when it has discovered other or additional information and to use such information in pretrial proceedings or at trial.

10.     Defendant objects to any specific instructions that might be imposed with respect to the time and place of document production. Unless otherwise agreed between the parties, and depending upon the volume of documents involved, the requested documents will be produced to Plaintiff or otherwise made available for inspection and copying at a mutually convenient time upon reasonable notice at the office of Baker & McKenzie LLP, 700 Louisiana, Suite 3000, Houston, Texas 77002.

11.     Defendant objects to the Requests to the extent that they fail to define time periods or limits, or seek information outside of the relevant time period.

12.     Each of the foregoing General Objections is hereby fully incorporated into each and every response set forth below. Defendant may repeat a General Objection for emphasis or for some other reason, but the failure to repeat any General Objection does not waive any General Objection to a given document request.

## DEFENDANT'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S
## SECOND SET OF INTERROGATORIES

**INTERROGATORY NO. 16:**
List every mechanic who worked at the Jal, New Mexico location from January 1, 2017 to December 31, 2018 setting forth as to each:
   a)    Hire date and
   b)    Separation date.

**ANSWER:**

Xcalibur objects to this interrogatory because it is overbroad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, such as the above requests regarding all mechanics regardless of what vehicles they repaired. Xcalibur further objects to the extent this interrogatory is duplicative of Plaintiff's Interrogatory No. 3. Subject to and without waiving its objections, Xcalibur refers to its response to Plaintiff's Interrogatory No. 3.

**INTERROGATORY NO. 17:**
As to each person listed, identify his: job title, race, work locations e.g., Jal, New Mexico, etc., all start dates and all separation dates for each: Eligio Aquilar, Elias Ashley, Daniel Campos, David Campos, Manuel Carillo, Roman De Lara, Abel Guillen, Jose Guerrero, Antonio "Tony" Harris, Trenton Hicks, Steve Horn, Jeremy Jackson, Alem Jimmerson, Bruce Johnson, Hovey Levi, Antonio Olivo (or Olivio), Hector Ortiz, Edwardo Patino, Ray Perez, Salvador Perez, William Poole, Mike Rowe, Greg Tapia, Bobby Valdez, Reginald Warmsley, Mac Williams, Chris Zacarias, and Shannon Smith.

**ANSWER:**

Xcalibur objects to this request because it is unduly burdensome in seeking the above five sub-categories of information about 28 employees without limit to time or relevance. This interrogatory is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur also objects to the extent this request seeks personal identifiable information. Xcalibur further objects because this interrogatory requests information on several different subject matters, and hence constitutes multiple interrogatories under the Federal Rules. Subject to and without waiving its objections, Xcalibur refers to its response to Plaintiff's Interrogatory No. 1 concerning employees involved in written reports of spills or overflows at the Jal, New Mexico location in 2017 and 2018.

*This ends the Interrogatories.*

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
## SECOND REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 4.**
Admit that Plaintiff was not disciplined for incidents involving Sal.

**RESPONSE:**

Xcalibur objects to this request because "incidents involving Sal" is not defined, vague, and confusing.

**REQUEST FOR ADMISSION NO. 5.**
Admit that Plaintiff was not terminated for incidents involving Sal.

**RESPONSE:**

Xcalibur objects to this request because "incidents involving Sal" is not defined, vague, and confusing.

**REQUEST FOR ADMISSION NO. 6.**
Admit that Plaintiff was not disciplined for incidents involving Bruce Johnson.

**RESPONSE:**

Xcalibur objects to this request because "incidents involving Bruce Johnson" is not defined, vague, and confusing.

**REQUEST FOR ADMISSION NO. 7.**
Admit that Plaintiff was not terminated for incidents involving Bruce Johnson.

**RESPONSE:**

Xcalibur objects to this request because "incidents involving Bruce Johnson" is not defined, vague, and confusing.

**REQUEST FOR ADMISSION NO. 8.**
Admit that Plaintiff was not disciplined for incidents with Elias Ashley.

**RESPONSE:**

Xcalibur objects to this request because "incidents involving Elias Ashley" is not defined, vague, and confusing.

**REQUEST FOR ADMISSION NO. 9.**
Admit that Plaintiff was not terminated for incidents with Elias Ashley.

**RESPONSE:**

Xcalibur objects to this request because "incidents involving Elias Ashley" is not defined, vague, and confusing.


**REQUEST FOR ADMISSION NO. 10.**
Admit that Defendant conducted a background check on Plaintiff including his criminal history before hiring him.

**RESPONSE:**

Xcalibur objects to this request because "background check" is not defined and vague.

**REQUEST FOR ADMISSION NO. 11.**
Admit that Defendant hired drivers with prior felony criminal records.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Subject to the foregoing objections, admitted as to Plaintiff's own prior criminal record.

**REQUEST FOR ADMISSION NO. 12.**
Admit that Defendant hired drivers with prior misdemeanor criminal records.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining details on the background of each of its employees which are entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Xcalibur further objects to this request as overly broad and lacking a time or geographic limitation, further making the request irrelevant to this dispute and lacking sufficient specificity in order for Xcalibur to properly admit or deny this request.

**REQUEST FOR ADMISSION NO. 13.**
Admit that Defendant hired drivers who had DOT violations in prior to working for it.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should

not be burdened with an unjustified fishing expedition determining details on the background of each of its employees which are entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Xcalibur further objects to this request as overly broad and lacking a time or geographic limitation, further making the request irrelevant to this dispute and lacking sufficient specificity in order for Xcalibur to properly admit or deny this request.

**REQUEST FOR ADMISSION NO. 14.**
Admit that Defendant hired drivers without investigating into whether they had disagreements at employers prior to working for it.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining details on the background of each of its employees which are entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Xcalibur further objects to this request as overly broad and lacking a time or geographic limitation, further making the request irrelevant to this dispute and lacking sufficient specificity in order for Xcalibur to properly admit or deny this request. Xcalibur further objects because this request is vague and confusing. Subject to the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 15.**
Admit that Plaintiff was not terminated for allegedly not getting along with people.

**RESPONSE:**

Xcalibur objects to this request to the extent is assumes any factual conclusions. Xcalibur further objects because the phrase "not getting along with people" is vague and confusing, and un-quantifiable.

**REQUEST FOR ADMISSION NO. 16.**
Admit that Defendant did not have a policy of not hiring drivers with DOT violations prior to working for it.

**RESPONSE:**

Xcalibur objects to this request to the extent it fails to recognize that hiring and retention of an employee is made on a case-by-case basis. Subject to the foregoing objections, Xcalibur did not have a policy prohibiting the hiring of a driver with a prior DOT violation. Xcalibur expects all employees, once hired, to adhere to its Company Policies and Procedures, Driver Policies and Procedures, and Driver Responsibilities.

**REQUEST FOR ADMISSION NO. 17.**
Admit that Defendant did not have a policy of not hiring drivers with traffic violations prior to working for it.

**RESPONSE:**

Xcalibur objects to this request to the extent it fails to recognize that hiring and retention of an employee is made on a case-by-case basis. Subject to the foregoing objections, Xcalibur did not have a policy prohibiting the hiring of a driver with prior traffic violations. Xcalibur expects all employees, once hired, to adhere to its Company Policies and Procedures, Driver Policies and Procedures, and Driver Responsibilities.

**REQUEST FOR ADMISSION NO. 18.**
Admit that Defendant did not have a policy of not hiring drivers with spills prior to working for it.

**RESPONSE:**

Xcalibur objects to this request to the extent it fails to recognize that hiring and retention of an employee is made on a case-by-case basis. Subject to the foregoing objections, Xcalibur did not have a policy prohibiting the hiring of a driver with prior spills. Xcalibur expects all employees, once hired, to adhere to its Company Policies and Procedures, Driver Policies and Procedures, and Driver Responsibilities.

**REQUEST FOR ADMISSION NO. 19.**
Admit that Defendant did not have a policy of not hiring drivers who did not get along with coworkers prior to working for it.

**RESPONSE:**

Xcalibur objects to this request because the phrase "who did not get along with coworkers" is vague and confusing, and un-quantifiable. Xcalibur further objects to this request to the extent it fails to recognize that hiring and retention of an employee is made on a case-by-case basis.

**REQUEST FOR ADMISSION NO. 20.**
Admit that Defendant hired drivers, other than Christopher Johnson, with DOT violations prior to working for it.

**RESPONSE:**

Xcalibur objects to this request because is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining details on the background of each of its employees which are entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Xcalibur further objects to this request as overly broad and lacking a time or geographic limitation, further making the request irrelevant to this dispute and lacking sufficient specificity in order for Xcalibur to properly admit or deny this request. Subject to the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 21.**
Admit that Defendant hired drivers, other than Christopher Johnson, with traffic violations prior to working for it.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining details on the background of each of its employees which are entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Xcalibur further objects to this request as overly broad and lacking a time or geographic limitation, further making the request irrelevant to this dispute and lacking sufficient specificity in order for Xcalibur to properly admit or deny this request. Subject to the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 22.**
Admit that Defendant hired drivers, other than Christopher Johnson, with spills prior to working for it.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining details on the background of each of its employees which are entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Xcalibur further objects to this request as overly broad and lacking a time or geographic limitation, further making the request irrelevant to this dispute and lacking sufficient specificity in order for Xcalibur to properly admit or deny this request. Subject to the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 23.**
Admit that Plaintiff was not disciplined for incidents with the Gibson driver.

**RESPONSE:**

Xcalibur objects to this request as vague as to "incidents involving the Gibson driver."

**REQUEST FOR ADMISSION NO. 24.**
Admit that Plaintiff was not terminated for incidents involving the Gibson driver.

**RESPONSE:**

Xcalibur objects to this request as vague as to "incidents involving the Gibson driver."

**REQUEST FOR ADMISSION NO. 25.**
Admit that Steven Horn did not have a spill or overflow while employed by Defendant.

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) without a temporal or geographic limitation. Subject to the foregoing objections, admitted as to Steven Horn for the Jal, New Mexico location from 2017 through 2018.

**REQUEST FOR ADMISSION NO. 26.**
Admit that Defendant has no records of a spill by Steven Horn.

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) without a temporal or geographic limitation. Subject to the foregoing objections, admitted as to Steven Horn for the Jal, New Mexico location from 2017 through 2018.

**REQUEST FOR ADMISSION NO. 27.**
Admit that Defendant has no disciplinary records involving Steven Horn.

**RESPONSE:**

Xcalibur objects to this request because the phrase "disciplinary records" is vague and undefined. Moreover, this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Steven Horn.

**REQUEST FOR ADMISSION NO. 28.**
Admit that Steven Horn never made a claim of discrimination against Defendant.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 29.**
Admit that Steven Horn was not involuntarily terminated by Defendant.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Steven Horn.

**REQUEST FOR ADMISSION NO. 30.**
Admit that Steven Horn resigned his employment with Defendant.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Steven Horn.

**REQUEST FOR ADMISSION NO. 31.**
Admit that Steven Horn was not disciplined in writing while Defendant's employee.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined in writing at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Steven Horn.

**REQUEST FOR ADMISSION NO. 32.**
Admit that Steven Horn was not disciplined orally while Defendant's employee.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined orally at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Steven Horn.

**REQUEST FOR ADMISSION NO. 33.**
Admit that Greg Tapia did not have a spill or overflow while employed by Defendant.

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) without a temporal or geographic limitation. Subject to the foregoing objections, admitted as to Greg Tapia for the Jal, New Mexico location from 2017 through 2018.

**REQUEST FOR ADMISSION NO. 34.**
Admit that Defendant has no records of a spill or overflow by Greg Tapia

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) without a temporal or geographic limitation. Subject to the foregoing objections, admitted as to Greg Tapia for the Jal, New Mexico location from 2017 through 2018.

**REQUEST FOR ADMISSION NO. 35.**
Admit that Defendant has no disciplinary records involving Greg Tapia.

**RESPONSE:**

Xcalibur objects to this request because the phrase "disciplinary records" is vague and undefined. Moreover, this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Greg Tapia.

**REQUEST FOR ADMISSION NO. 36.**
Admit that Greg Tapia never made a claim of discrimination against Defendant.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 37.**
Admit that Greg Tapia was not involuntarily terminated by Defendant.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Greg Tapia.

**REQUEST FOR ADMISSION NO. 38.**
Admit that Greg Tapia resigned his employment with Defendant.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris),

which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Greg Tapia.

**REQUEST FOR ADMISSION NO. 39.**
Admit that Greg Tapia was not disciplined in writing while Defendant's employee.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined in writing at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Greg Tapia.

**REQUEST FOR ADMISSION NO. 40.**
Admit that Greg Tapia was not disciplined orally while Defendant's employee.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined orally at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Greg Tapia.

**REQUEST FOR ADMISSION NO. 41.**
Admit that Antonio Olivo did not have a spill or overflow while employed by Defendant.

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) without a temporal or geographic limitation. Subject to the foregoing objections, denied as to Antonio Olivo for the Jal, New Mexico location from 2017 through 2018.

**REQUEST FOR ADMISSION NO. 42.**
Admit that Defendant has no records of a spill or overflow by Antonio Olivo (or Olivio).

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) without a temporal or geographic limitation. Subject to the foregoing objections, denied as to Antonio Olivo.

**REQUEST FOR ADMISSION NO. 43.**
Admit that Defendant has no disciplinary records involving Antonio Olivo (or Olivio).

**RESPONSE:**

Xcalibur objects to this request because the phrase "disciplinary records" is vague and undefined. Moreover, this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Antonio Olivo.

**REQUEST FOR ADMISSION NO. 44.**
Admit that Antonio Olivo (or Olivio) never made a claim of discrimination against Defendant.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 45.**
Admit that Antonio Olivo (or Olivio) was not involuntarily terminated by Defendant.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose

Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Antonio Olivo.

**REQUEST FOR ADMISSION NO. 46.**
Admit that Antonio Olivo (or Olivio) resigned his employment with Defendant.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Antonio Olivo.

**REQUEST FOR ADMISSION NO. 47.**
Admit that Antonio Olivo (or Olivio) was not disciplined in writing while Defendant's employee.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 48.**
Admit that Antonio Olivo (or Olivio) was not disciplined orally while Defendant's employee.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined orally at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Antonio Olivo.

**REQUEST FOR ADMISSION NO. 49.**
Admit that Daniel Campos did not have a spill or overflow while employed by Defendant.

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) without a temporal or geographic limitation. Subject to the foregoing objections, admitted as to Daniel Campos for the Jal, New Mexico location from 2017 through 2018.

**REQUEST FOR ADMISSION NO. 50.**
Admit that Defendant has no records of a spill or overflow by Daniel Campos.

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) without a temporal or geographic limitation. Subject to the foregoing objections, admitted as to Daniel Campos for the Jal, New Mexico location from 2017 through 2018.

**REQUEST FOR ADMISSION NO. 51.**
Admit that Defendant has no disciplinary records involving Daniel Campos.

**RESPONSE:**

Xcalibur objects to this request because the phrase "disciplinary records" is vague and undefined. Moreover, this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Daniel Campos.

**REQUEST FOR ADMISSION NO. 52.**
Admit that Daniel Campos never made a claim of discrimination against Defendant.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 53.**
Admit that Daniel Campos was not involuntarily terminated by Defendant.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Daniel Campos.

**REQUEST FOR ADMISSION NO. 54.**
Admit that Daniel Campos resigned his employment with Defendant.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Daniel Campos.

**REQUEST FOR ADMISSION NO. 55.**
Admit that Daniel Campos was not disciplined in writing while Defendant's employee.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined in writing at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Daniel Campos.

**REQUEST FOR ADMISSION NO. 56.**
Admit that Daniel Campos was not disciplined orally while Defendant's employee.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined orally at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Daniel Campos.

**REQUEST FOR ADMISSION NO. 57.**
Admit that Jose Guerrero did not have a spill or overflow while employed by Defendant.

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) without a temporal or geographic limitation. Subject to the foregoing objections, admitted as to Jose Guerrero for the Jal, New Mexico location from 2017 through 2018.

**REQUEST FOR ADMISSION NO. 58.**
Admit that Defendant has no records of a spill or overflow by Jose Guerrero.

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) without a temporal or geographic limitation. Subject to the foregoing objections, admitted as to Jose Guerrero for the Jal, New Mexico location from 2017 through 2018.

**REQUEST FOR ADMISSION NO. 59.**
Admit that Defendant has no disciplinary records involving Jose Guerrero.

**RESPONSE:**

Xcalibur objects to this request because the phrase "disciplinary records" is vague and undefined. Moreover, this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not

proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Jose Guerrero.

**REQUEST FOR ADMISSION NO. 60.**
Admit that Jose Guerrero never made a claim of discrimination against Defendant.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 61.**
Admit that Jose Guerrero was not involuntarily terminated by Defendant.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Jose Guerrero.

**REQUEST FOR ADMISSION NO. 62.**
Admit that Jose Guerrero resigned his employment with Defendant.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Jose Guerrero.