IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JOHNSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | C.A. No. 4:19-CV-02996 |
| | § | |
| XCALIBUR LOGISTICS, | § | |
| | § | |
| *Defendant.* | § | (JURY TRIAL DEMANDED) |

PLAINTIFF'S MOTION TO COMPEL
DEFENDANT'S DISCOVERY RESPONSES AND REQUEST FOR ORAL HEARING

# EXHIBIT D (part 2)

# RESPONSES TO SECOND SET OF DISCOVERY (JULY 27, 2021)

**REQUEST FOR ADMISSION NO. 63.**
Admit that Jose Guerrero was not disciplined in writing while Defendant's employee.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined in writing at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Jose Guerrero.

**REQUEST FOR ADMISSION NO. 64.**
Admit that Jose Guerrero was not disciplined orally while Defendant's employee.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined orally at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Jose Guerrero.

**REQUEST FOR ADMISSION NO. 65.**
Admit that Salvador Perez did not have a spill or overflow while employed by Defendant.

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) without a temporal or geographic limitation. Subject to the foregoing objections, admitted as to Salvador Perez for the Jal, New Mexico location from 2017 through 2018.

**REQUEST FOR ADMISSION NO. 66.**
Admit that Defendant has no records of a spill or overflow by Salvador Perez.

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) without a temporal or geographic limitation. Subject to the foregoing objections, admitted as to Salvador Perez for the Jal, New Mexico location from 2017 through 2018.

**REQUEST FOR ADMISSION NO. 67.**
Admit that Defendant has no disciplinary records involving Salvador Perez.

**RESPONSE:**

Xcalibur objects to this request because the phrase "disciplinary records" is vague and undefined. Moreover, this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Salvador Perez.

**REQUEST FOR ADMISSION NO. 68.**
Admit that Salvador Perez never made a claim of discrimination against Defendant.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 69.**
Admit that Salvador Perez was not involuntarily terminated by Defendant.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose

Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Salvador Perez.

**REQUEST FOR ADMISSION NO. 70.**
Admit that Salvador Perez resigned his employment with Defendant.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Salvador Perez.

**REQUEST FOR ADMISSION NO. 71.**
Admit that Salvador Perez was not disciplined in writing while Defendant's employee.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined in writing at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Salvador Perez.

**REQUEST FOR ADMISSION NO. 72.**
Admit that Salvador Perez was not disciplined orally while Defendant's employee.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez,

Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined orally at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Salvador Perez.

**REQUEST FOR ADMISSION NO. 73.**
Admit that Defendant has the assets to satisfy any judgment in favor of Plaintiff.

**RESPONSE:**

Xcalibur objects to this request as premature as it will only be relevant when, if ever, Plaintiff prevails in this lawsuit. Xcalibur further objects because this request is an incomplete hypothetical.

**REQUEST FOR ADMISSION NO. 74.**
Admit that Defendant has the means to satisfy any judgment in favor of Plaintiff.

**RESPONSE:**

Xcalibur objects to this request as premature as it will only be relevant when, if ever, Plaintiff prevails in this lawsuit. Xcalibur further objects because this request is an incomplete hypothetical.
**REQUEST FOR ADMISSION NO. 75.**
Admit that Greg Tapia is not African American.

**RESPONSE:**

Xcalibur objects to this request as it requires Xcalibur to have knowledge of any and all racial or ethnic groups with which Greg Tapia identifies, which it does not.

**REQUEST FOR ADMISSION NO. 76.**
Admit that Antonio Olivio (or Olivo) is not African American.

**RESPONSE:**

Xcalibur objects to this request as it requires Xcalibur to have knowledge of any and all racial or ethnic groups with which Antonio Olivo identifies, which it does not.

**REQUEST FOR ADMISSION NO. 77.**
Admit that Reginald Warmsley did not have a spill or overflow while employed by Defendant.

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia

Harris) without a temporal or geographic limitation. Subject to the foregoing objections, admitted as to Reginald Warmsley for the Jal, New Mexico location from 2017 through 2018.

**REQUEST FOR ADMISSION NO. 78.**
Admit that Defendant has no records of a spill by Reginald Warmsley.

<u>**RESPONSE:**</u>

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) without a temporal or geographic limitation. Subject to the foregoing objections, admitted as to Reginald Warmsley for the Jal, New Mexico location from 2017 through 2018.

**REQUEST FOR ADMISSION NO. 79.**
Admit that Defendant has no disciplinary records involving Reginald Warmsley.

<u>**RESPONSE:**</u>

Xcalibur objects to this request because the phrase "disciplinary records" is vague and undefined. Moreover, this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Reginald Warmsley.

**REQUEST FOR ADMISSION NO. 80.**
Admit that Reginald Warmsley never made a claim of discrimination against Defendant.

<u>**RESPONSE:**</u>

Admit.

**REQUEST FOR ADMISSION NO. 81.**
Admit that Reginald Warmsley was not involuntarily terminated by Defendant.

<u>**RESPONSE:**</u>

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense

of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Reginald Warmsley.

**REQUEST FOR ADMISSION NO. 82.**
Admit that Reginald Warmsley resigned his employment with Defendant.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Reginald Warmsley.

**REQUEST FOR ADMISSION NO. 83.**
Admit that Reginald Warmsley was not disciplined in writing while Defendant's employee.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined in writing at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Reginald Warmsley.

**REQUEST FOR ADMISSION NO. 84.**
Admit that Reginald Warmsley was not disciplined orally while Defendant's employee.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense

of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined orally at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Reginald Warmsley.

**REQUEST FOR ADMISSION NO. 85.**
Admit that Jeremy Jackson did not have a spill or overflow while employed by Defendant.

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) without a temporal or geographic limitation. Subject to the foregoing objections, admitted as to Jeremy Jackson for the Jal, New Mexico location from 2017 through 2018.

**REQUEST FOR ADMISSION NO. 86.**
Admit that Defendant has no records of a spill by Jeremy Jackson.

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) without a temporal or geographic limitation. Subject to the foregoing objections, admitted as to Jeremy Jackson for the Jal, New Mexico location from 2017 through 2018.

**REQUEST FOR ADMISSION NO. 87.**
Admit that Defendant has no disciplinary records involving Jeremy Jackson.

**RESPONSE:**

Xcalibur objects to this request because the phrase "disciplinary records" is vague and undefined. Moreover, this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees

(Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Jeremy Jackson.

## REQUEST FOR ADMISSION NO. 88.
Admit that Jeremy Jackson never made a claim of discrimination against Defendant.

## RESPONSE:

Admit.

## REQUEST FOR ADMISSION NO. 89.
Admit that Jeremy Jackson was not involuntarily terminated by Defendant.

## RESPONSE:
Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Jeremy Jackson.

## REQUEST FOR ADMISSION NO. 90.
Admit that Jeremy Jackson resigned his employment with Defendant.

## RESPONSE:

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Jeremy Jackson.

## REQUEST FOR ADMISSION NO. 91.
Admit that Jeremy Jackson was not disciplined in writing while Defendant's employee.

## RESPONSE:

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined in writing at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Jeremy Jackson.

**REQUEST FOR ADMISSION NO. 92.**
Admit that Jeremy Jackson was not disciplined orally while Defendant's employee.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined orally at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Jeremy Jackson.

**REQUEST FOR ADMISSION NO. 93.**
Admit that during Shannon Smith's tenure with Defendant, drivers have had spills.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 94.**
Admit that during Shannon Smith's tenure with Defendant, not every driver who had a spill was terminated because of said spill.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 95.**
Admit that Greg Tapia has had at least one spill or overflow while working at Defendant.

**RESPONSE:**

Xcalibur objects to this request as overly broad to the extent it seeks admissions beyond the relevant time period during which Plaintiff worked for Xcalibur. Subject to the foregoing objections, denied for the Jal, New Mexico location from 2017 through 2018.

**REQUEST FOR ADMISSION NO. 96.**
Admit that Antonio Olivio (or Olivo) has had at least one spill or overflow while working at Defendant.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 97.**
Admit that Antonia 'Tony' Harris has had at least one spill or overflow while working at Defendant.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 98.**
Admit that Antonia 'Tony' Harris never made a claim of discrimination against Defendant.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 99.**
Admit that Jeff Maronen was not named in any complaints of discrimination while working for Defendant.

**RESPONSE:**

Xcalibur objects to this request as overly broad because it seeks admissions beyond the relevant time period during which Plaintiff worked for Xcalibur. Subject to the foregoing objections, denied, to the extent Jeff Maronen was complained of in this suit.

**REQUEST FOR ADMISSION NO. 100.**
Admit that Jeff Maronen was not named in any complaints of retaliation while working for Defendant.

**RESPONSE:**

Xcalibur objects to this request as overly broad because it seeks admissions beyond the relevant time period during which Plaintiff worked for Xcalibur. Subject to the foregoing objections, denied, to the extent Jeff Maronen was complained of in this suit.

**REQUEST FOR ADMISSION NO. 101.**
Admit that Bruce Johnson was never disciplined for any encounters involving Christopher Johnson.

**RESPONSE:**

Xcalibur objects to this request because it is vague and non-specific as to "encounters involving Christopher Johnson."

**REQUEST FOR ADMISSION NO. 102.**
Admit that Christopher Johnson was never disciplined for any encounters involving Bruce Johnson.

**RESPONSE:**

Xcalibur objects to this request because it is vague as to the phrase "encounters involving Bruce Johnson." Subject to that objection, admitted.

**REQUEST FOR ADMISSION NO. 103.**
Admit that, setting aside Christopher Johnson, no other employee was disciplined for the events noted in the May 3, 2018 Internal Notice of Incident report related to Christopher Johnson.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 104.**
Admit that, setting aside Christopher Johnson, no other employee was disciplined for the events noted in the June 29, 2018 Internal Notice of Incident report related to Christopher Johnson.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 105.**
Admit that Defendant is directly paying for 100% of its attorneys' fees.

**RESPONSE:**

Xcalibur objects to this request as premature as it will only be relevant if and when Xcalibur prevails in this lawsuit. Subject to the foregoing objection, Xcalibur admits that it is paying its attorneys' fees.

**REQUEST FOR ADMISSION NO. 106.**
Admit that there is no insurance to cover any recovery in this suit.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 107.**
Admit that Hovey Levi did not have a spill or overflow while employed by Defendant.

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) without a temporal or geographic limitation. Subject to the foregoing objections, admitted as to Hovey Levi for the Jal, New Mexico location from 2017 through 2018.

**REQUEST FOR ADMISSION NO. 108.**
Admit that Defendant has no records of a spill or overflow by Hovey Levi.

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) without a temporal or geographic limitation. Subject to the foregoing objections, admitted as to Hovey Levi for the Jal, New Mexico location from 2017 through 2018.

**REQUEST FOR ADMISSION NO. 109.**
Admit that Defendant has no disciplinary records involving Hovey Levi.

**RESPONSE:**

Xcalibur objects to this request because the phrase "disciplinary records" is vague and undefined. Moreover, this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Hovey Levi.

**REQUEST FOR ADMISSION NO. 110.**
Admit that Hovey Levi never made a claim of discrimination against Defendant.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 111.**
Admit that Hovey Levi was not involuntarily terminated by Defendant.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Hovey Levi.

**REQUEST FOR ADMISSION NO. 112.**
Admit that Hovey Levi resigned his employment with Defendant.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Hovey Levi.

**REQUEST FOR ADMISSION NO. 113.**
Admit that Hovey Levi was not disciplined in writing while Defendant's employee.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should

not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined in writing at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Hovey Levi.

**REQUEST FOR ADMISSION NO. 114.**
Admit that Hovey Levi was not disciplined orally while Defendant's employee.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined orally at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Hovey Levi.

**REQUEST FOR ADMISSION NO. 115.**
Admit that David Campos did not have a spill or overflow while employed by Defendant.

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) without a temporal or geographic limitation. Subject to the foregoing objections, admitted as to David Campos for the Jal, New Mexico location from 2017 through 2018.

**REQUEST FOR ADMISSION NO. 116.**
Admit that Defendant has no records of a spill or overflow by David Campos.

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia

Harris) without a temporal or geographic limitation. Subject to the foregoing objections, admitted as to David Campos for the Jal, New Mexico location from 2017 through 2018.

**REQUEST FOR ADMISSION NO. 117.**
Admit that Defendant has no disciplinary records involving David Campos.

**RESPONSE:**

Xcalibur objects to this request because the phrase "disciplinary records" is vague and undefined. Moreover, this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to David Campos.

**REQUEST FOR ADMISSION NO. 118.**
Admit that David Campos never made a claim of discrimination against Defendant.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 119.**
Admit that David Campos was not involuntarily terminated by Defendant.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to David Campos.

**REQUEST FOR ADMISSION NO. 120.**
Admit that David Campos resigned his employment with Defendant.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to David Campos.

**REQUEST FOR ADMISSION NO. 121.**
Admit that David Campos was not disciplined in writing while Defendant's employee.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined in writing at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to David Campos.

**REQUEST FOR ADMISSION NO. 122.**
Admit that David Campos was not disciplined orally while Defendant's employee.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined orally at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to David Campos.

**REQUEST FOR ADMISSION NO. 123.**
Admit that Edwardo Patino did not have a spill or overflow while employed by Defendant.

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) without a temporal or geographic limitation. Subject to the foregoing objections, denied as to Edwardo Patino for the Jal, New Mexico location from 2017 through 2018.

**REQUEST FOR ADMISSION NO. 124.**
Admit that Defendant has no records of a spill by Edwardo Patino.

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) without a temporal or geographic limitation. Subject to the foregoing objections, denied as to Edwardo Patino.

**REQUEST FOR ADMISSION NO. 125.**
Admit that Defendant has no disciplinary records involving Edwardo Patino.

**RESPONSE:**

Xcalibur objects to this request because the phrase "disciplinary records" is vague and undefined. Moreover, this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Edwardo Patino.

**REQUEST FOR ADMISSION NO. 126.**
Admit that Edwardo Patino never made a claim of discrimination against Defendant.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 127.**
Admit that Edwardo Patino was not involuntarily terminated by Defendant.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Edwardo Patino.

**REQUEST FOR ADMISSION NO. 128.**
Admit that Edwardo Patino resigned his employment with Defendant.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Edwardo Patino.

**REQUEST FOR ADMISSION NO. 129.**
Admit that Edwardo Patino was not disciplined in writing while Defendant's employee.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined in writing at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Edwardo Patino.

**REQUEST FOR ADMISSION NO. 130.**
Admit that Edwardo Patino was not disciplined orally while Defendant's employee.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined orally at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Edwardo Patino.

**REQUEST FOR ADMISSION NO. 131.**
Admit that Mac Williams did not have a spill or overflow while employed by Defendant.

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) without a temporal or geographic limitation. Subject to the foregoing objections, denied as to Mac Williams for the Jal, New Mexico location from 2017 through 2018.

**REQUEST FOR ADMISSION NO. 132.**
Admit that Defendant has no records of a spill by Mac Williams.

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) without a temporal or geographic limitation. Subject to the foregoing objections, denied as to Mac Williams.

**REQUEST FOR ADMISSION NO. 133.**
Admit that Defendant has no disciplinary records involving Mac Williams.

**RESPONSE:**

Xcalibur objects to this request because the phrase "disciplinary records" is vague and undefined. Moreover, this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of

the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Mac Williams.

**REQUEST FOR ADMISSION NO. 134.**
Admit that Mac Williams never made a claim of discrimination against Defendant.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 135.**
Admit that Mac Williams was not involuntarily terminated by Defendant.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Mac Williams.

**REQUEST FOR ADMISSION NO. 136.**
Admit that Mac Williams resigned his employment with Defendant.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Mac Williams.

**REQUEST FOR ADMISSION NO. 137.**
Admit that Mac Williams was not disciplined in writing while Defendant's employee.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 138.**
Admit that Mac Williams was not disciplined orally while Defendant's employee.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined orally at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Mac Williams.

**REQUEST FOR ADMISSION NO. 139.**
Admit that Mike Rowe did not have a spill or overflow while employed by Defendant.

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) without a temporal or geographic limitation. Subject to the foregoing objections, denied as to Mike Rowe for the Jal, New Mexico location from 2017 through 2018.

**REQUEST FOR ADMISSION NO. 140.**
Admit that Defendant has no records of a spill by Mike Rowe.

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David

Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) without a temporal or geographic limitation. Subject to the foregoing objections, denied as to Mike Rowe.

**REQUEST FOR ADMISSION NO. 141.**
Admit that Defendant has no disciplinary records involving Mike Rowe.

**RESPONSE:**

Xcalibur objects to this request because the phrase "disciplinary records" is vague and undefined. Moreover, this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Mike Rowe.

**REQUEST FOR ADMISSION NO. 142.**
Admit that Mike Rowe never made a claim of discrimination against Defendant.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 143.**
Admit that Mike Rowe was not involuntarily terminated by Defendant.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Mike Rowe.

**REQUEST FOR ADMISSION NO. 144.**
Admit that Mike Rowe resigned his employment with Defendant.