IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JOHNSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | C.A. No. 4:19-CV-02996 |
| | § | |
| XCALIBUR LOGISTICS, | § | |
| | § | |
| *Defendant.* | § | (JURY TRIAL DEMANDED) |

PLAINTIFF'S MOTION TO COMPEL
DEFENDANT'S DISCOVERY RESPONSES AND REQUEST FOR ORAL HEARING

# EXHIBIT D (part 3)

# RESPONSES TO SECOND SET OF DISCOVERY (JULY 27, 2021)

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Mike Rowe.

**REQUEST FOR ADMISSION NO. 145.**
Admit that Mike Rowe was not disciplined in writing while Defendant's employee.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined in writing at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Mike Rowe.

**REQUEST FOR ADMISSION NO. 146.**
Admit that Mike Rowe was not disciplined orally while Defendant's employee.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined orally at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Mike Rowe.

**REQUEST FOR ADMISSION NO. 147.**
Admit that Elias Ashley did not have a spill or overflow while employed by Defendant.

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) without a temporal or geographic limitation. Subject to the foregoing objections, admitted as to Elias Ashley for the Jal, New Mexico location from 2017 through 2018.

**REQUEST FOR ADMISSION NO. 148.**
Admit that Defendant has no records of a spill by Elias Ashley.

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) without a temporal or geographic limitation. Subject to the foregoing objections, admitted as to Elias Ashley for the Jal, New Mexico location from 2017 through 2018.

**REQUEST FOR ADMISSION NO. 149.**
Admit that Defendant has no disciplinary records involving Elias Ashley.

**RESPONSE:**

Xcalibur objects to this request because the phrase "disciplinary records" is vague and undefined. Moreover, this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Elias Ashley.

**REQUEST FOR ADMISSION NO. 150.**
Admit that Elias Ashley never made a claim of discrimination against Defendant.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 151.**

Admit that Elias Ashley was not involuntarily terminated by Defendant.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Elias Ashley.

**REQUEST FOR ADMISSION NO. 152.**
Admit that Elias Ashley resigned his employment with Defendant.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Elias Ashley.

**REQUEST FOR ADMISSION NO. 153.**
Admit that Elias Ashley was not disciplined in writing while Defendant's employee.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined in writing at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Elias Ashley.

**REQUEST FOR ADMISSION NO. 154.**

Admit that Elias Ashley was not disciplined orally while Defendant's employee.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined orally at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Elias Ashley.

**REQUEST FOR ADMISSION NO. 155.**
Admit that Bruce Johnson did not have a spill or overflow while employed by Defendant.

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) without a temporal or geographic limitation. Subject to the foregoing objections, admitted as to Bruce Johnson for the Jal, New Mexico location from 2017 through 2018.

**REQUEST FOR ADMISSION NO. 156.**
Admit that Defendant has no records of a spill by Bruce Johnson.

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) without a temporal or geographic limitation. Subject to the foregoing objections, admitted as to Bruce Johnson for the Jal, New Mexico location from 2017 through 2018.

**REQUEST FOR ADMISSION NO. 157.**
Admit that Defendant has no disciplinary records involving Bruce Johnson.

**RESPONSE:**

Xcalibur objects to this request because the phrase "disciplinary records" is vague and undefined. Moreover, this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not

proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Bruce Johnson.

**REQUEST FOR ADMISSION NO. 158.**
Admit that Bruce Johnson never made a claim of discrimination against Defendant.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 159.**
Admit that Bruce Johnson was not involuntarily terminated by Defendant.

**RESPONSE:**
Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Bruce Johnson.

**REQUEST FOR ADMISSION NO. 160.**
Admit that Bruce Johnson resigned his employment with Defendant.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Bruce Johnson.

**REQUEST FOR ADMISSION NO. 161.**

Admit that Bruce Johnson was not disciplined in writing while Defendant's employee.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined in writing at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Bruce Johnson.

**REQUEST FOR ADMISSION NO. 162.**
Admit that Bruce Johnson was not disciplined orally while Defendant's employee.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined orally at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Bruce Johnson.

**REQUEST FOR ADMISSION NO. 163.**
Admit that Antonia "Tony" Harris did not have a spill or overflow while employed by Defendant.

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) without a temporal or geographic limitation. Subject to the foregoing objections, denied as to Antonia Harris for the Jal, New Mexico location from 2017 through 2018.

**REQUEST FOR ADMISSION NO. 164.**
Admit that Defendant has no records of a spill by Antonia "Tony" Harris.

**RESPONSE:**

Xcalibur objects to this request as overly burdensome to the extent it requires a review of the full employment records of 16 separate employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) without a temporal or geographic limitation. Subject to the foregoing objections, denied as to Antonia Harris.

**REQUEST FOR ADMISSION NO. 165.**
Admit that Defendant has no disciplinary records involving Antonia "Tony" Harris.

**RESPONSE:**

Xcalibur objects to this request because the phrase "disciplinary records" is vague and undefined. Moreover, this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Antonia Harris.

**REQUEST FOR ADMISSION NO. 166.**
Admit that Antonia "Tony" Harris never made a claim of discrimination against Defendant.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 167.**
Admit that Antonia "Tony" Harris was not involuntarily terminated by Defendant.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Antonia Harris.

**REQUEST FOR ADMISSION NO. 168.**
Admit that Antonia "Tony" Harris resigned his employment with Defendant.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining the termination/resignation status of numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris), which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Antonia Harris.

**REQUEST FOR ADMISSION NO. 169.**
Admit that Antonia "Tony" Harris was not disciplined in writing while Defendant's employee.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 170.**
Admit that Antonia "Tony" Harris was not disciplined orally while Defendant's employee.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Xcalibur should not be burdened with an unjustified fishing expedition determining whether numerous employees (Steven Horn, Greg Tapia, Antonio Olivo, Daniel Campos, Jose Guerrero, Salvador Perez, Reginald Warmsley, Jeremy Jackson, Hovey Levi, David Campos, Edward Patino, Mac Williams, Mike Rowe, Elias Ashley, Bruce Johnson, and Antonia Harris) were disciplined orally at any time during their employ with Defendant, which is entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to that objection, this request is denied as to Antonia Harris.

*This ends the Admissions.*
## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR DOCUMENTS NO. 88:**
All documents and things related to the job applications, disciplinary history (whether oral or written, formal or informal), counseling, performance, behavioral issues, spills or overages,

evaluations, speed alerts, and separation documents of Eligio Aquilar, Elias Ashley, Daniel Campos, David Campos, Manuel Carillo, Roman De Lara, Abel Guillen, Jose Guerrero, Antonio "Tony" Harris, Trenton Hicks, Steve Horn, Jeremy Jackson, Alem Jimmerson, Bruce Johnson, Hovey Levi, Antonio Olivo (or Olivio), Hector Ortiz, Edwardo Patino, Ray Perez, Salvador Perez, William Poole, Mike Rowe, Greg Tapia, Bobby Valdez, Reginald Warmsley, Mac Williams, Chris Zacarias, and Shannon Smith.

## RESPONSE:

Xcalibur objects to this request because it is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). This request seeks documents which are entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff, and as such, is unduly burdensome. Xcalibur further objects to the extent this request seeks personal identifiable information. Xcalibur further objects to this request because it is not reasonably limited in time and unduly burdensome. Subject to and without waiving its objections, Xcalibur has produced written reports of spills or overflows at the Jal, New Mexico location from 2017 and 2018 involving Eligio Aquilar, Manuel Carillo, Roman De Lara, Abel Guillen, Antonia Harris, Hector Ortiz, Trenton Hicks, William Poole, Chris, Zacarias, Antonio Olivo, Ray Perez, Mike Rowe, Bobby Valdez, and Mac Williams, amongst others. Xcalibur refers to documents produced at XCALIBUR 001252-1279.

## REQUEST FOR DOCUMENTS NO. 89:
Produce documents including records showing the absences or tardies of Shannon Smith during the entirety of his tenure including those approved and unapproved.

## RESPONSE:

Xcalibur objects to this request because it is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). This request seeks documents which are entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff, and as such, is unduly burdensome. Xcalibur further objects to the extent this request seeks personal identifiable information. Xcalibur further objects to this request because it is not reasonably limited in time and unduly burdensome.

## REQUEST FOR DOCUMENTS NO. 90:
Produce resignation documents from Shannon Smith.

## RESPONSE:

Xcalibur objects to this request because it is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). This request seeks documents which are entirely irrelevant to the race discrimination and retaliation

claims brought by Plaintiff. Xcalibur further objects to the extent this request seeks personal identifiable information.

**REQUEST FOR DOCUMENTS NO. 91:**
Produce all requests for transfer by Shannon Smith.

**RESPONSE:**

Xcalibur objects to this request because it is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). This request seeks documents which are entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Xcalibur further objects to the extent this request seeks personal identifiable information.

**REQUEST FOR DOCUMENTS NO. 92:**
From January 1, 2015 to December 31, 2018, all documents and things showing altercations (e.g., physical, verbal or otherwise) involving Defendant's employees who worked at the Jal, New Mexico location including any complaints, disciplinary or counseling action.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). This request seeks documents which are entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff, and as such, is unduly burdensome. Xcalibur further objects to the extent this request seeks personal identifiable information. Subject to and without waiving its objections, Xcalibur refers to documents related to altercations involving Plaintiff produced at XCALIBUR 000019-22, 24-25, and 1280-1283.

**REQUEST FOR DOCUMENTS NO. 93:**
From January 1, 2015 to December 31, 2018, all reports including but not limited to Daily Fleet reports that evidence trucks and trailers that were temporarily or permanently inoperable or that were in need of repair.

**RESPONSE:**

Xcalibur objects to this request because it is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). This request seeks documents which are entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Xcalibur further objects to this request as overly broad and unduly burdensome, as the request as written does not limit itself to trucks or trailers driven by Plaintiff, to the Jal, New Mexico location, nor to the time period Plaintiff was employed by Xcalibur. See also Xcalibur's objections and answer to Interrogatory No. 3.

**REQUEST FOR DOCUMENTS NO. 94:**
From January 1, 2015 to December 31, 2018, all documents including reports that evidence trucks and/or trailers with broken barrel counters including the date such was repaired.

**RESPONSE:**

Xcalibur objects to this request because it is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). This request seeks documents which are entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Xcalibur further objects to this request as overly broad and unduly burdensome, as the request as written does not limit itself to trucks or trailers driven by Plaintiff, to the Jal, New Mexico location, nor to the time period Plaintiff was employed by Xcalibur.
See also Xcalibur's objections and answer to Interrogatory No. 3.

**REQUEST FOR DOCUMENTS NO. 95:**
From January 1, 2015 to December 31, 2018, all pre-trip and post-trip reports from Jal, New Mexico drivers.

**RESPONSE:**

Xcalibur objects to this request because it is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). This request seeks documents which are entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Xcalibur further objects to this request as overly broad and unduly burdensome, as the request as written does not limit itself to trucks or trailers driven by Plaintiff, nor to the time period Plaintiff was employed by Xcalibur. Subject to and without waiving its objections, Xcalibur refers to documents produced at XCALIBUR 000617-618.

**REQUEST FOR DOCUMENTS NO. 96:**
From January 1, 2015 to December 31, 2018, all work order forms from Jal, New Mexico drivers.

**RESPONSE:**

Xcalibur objects to this request as vague in its use of the term "work order forms." Xcalibur also objects to this request because it is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). This request seeks documents which are entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Xcalibur further objects to this request as overly broad and unduly burdensome, as the request as written does not limit itself to trucks or trailers driven by Plaintiff, nor to the time period Plaintiff was employed by Xcalibur. Xcalibur further objects to this request to the extent it improperly seeks documents which are already within the possession, custody, or control of Plaintiff and/or equally available to Plaintiff. Subject to and without waiving its objections,

Xcalibur refers to documents produced at XCALIBUR 000467-473, 478-485,492-501, 589-599, 628-630, and 001224-1233.

**REQUEST FOR DOCUMENTS NO. 97:**
From January 1, 2015 to December 31, 2018, all documents evidencing stop work authority policies and Jal, New Mexico employees who used such including the compensation that driver received while exercising the stop work authority.

**RESPONSE:**

Xcalibur objects to this request because it is overbroad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, such as each employee who used stop work authority for any purpose over a four year time period including two years Plaintiff was not employed by Xcalibur. Xcalibur also objects because this request seeks personal identifiable information and compensation information for third-parties unrelated to this dispute. Subject to and without waiving its objections, Xcalibur refers to and incorporates by reference the Stop Work Authority Program documents Bates labeled as XCALIBUR000959-962 and documents Bates labeled as XCALIBUR001117-1136.

**REQUEST FOR DOCUMENTS NO. 98:**
From January 1, 2015 to December 31, 2018, all DOT violations related to the Jal, New Mexico employees.

**RESPONSE:**

Xcalibur objects to this request because it is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). This request seeks documents which are entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Xcalibur further objects to this request as overly broad and unduly burdensome, as the request as written does not limit itself to violations by Plaintiff, nor to the time period Plaintiff was employed by Xcalibur. Subject to and without waiving its objections, Xcalibur refers to documents produced at XCALIBUR 000714-718, 15-18, and 23-29.

**REQUEST FOR DOCUMENTS NO. 99:**
As to the truck Christopher Johnson drove on May 3, 2018, documents showing all drivers who drove that same truck May 2 and May 3, 2018.

**RESPONSE:**

Xcalibur objects to this request because it seeks documents which are entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Xcalibur further objects to this request because it is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR DOCUMENTS NO. 100:**
As to the truck Christopher Johnson drove on June 29, 2018, documents showing all drivers who drove that same truck June 28 and June 29, 2018.

**RESPONSE:**

Xcalibur objects to this request because it seeks documents which are entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Xcalibur further objects to this request because it is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR DOCUMENTS NO. 101:**
From January 1, 2015 to December 31, 2018, all Internal Notice of Incident reports related to the Jal, New Mexico drivers.

**RESPONSE:**

Xcalibur objects to this request because it is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). This request seeks documents which are entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Xcalibur further objects to this request as overly broad and unduly burdensome, as the request as written does not limit itself to Internal Notices of Incident of a similar nature to those leading to Plaintiff's termination, nor to the time period Plaintiff was employed by Xcalibur. Subject to and without waiving its objections, Xcalibur has produced written reports of spills or overflows at the Jal, New Mexico location from 2017 and 2018. Xcalibur refers to documents produced at XCALIBUR 001252-1279.

**REQUEST FOR DOCUMENTS NO. 102:**
From January 1, 2015 to December 31, 2018, all disciplinary actions related to the Jal, New Mexico drivers.

**RESPONSE:**

Xcalibur objects to this request because it is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). This request seeks documents which are entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Xcalibur further objects to this request as overly broad and unduly burdensome, as the request as written does not limit itself to disciplinary actions of a similar nature to those leading to Plaintiff's termination, nor to the time period Plaintiff was employed by Xcalibur. Xcalibur further objects to the extent this request seeks personal identifiable information. Subject to and without waiving its objections, Xcalibur has produced written reports of spills or

overflows at the Jal, New Mexico location from 2017 and 2018. Xcalibur refers to documents produced at XCALIBUR 001252-1279.

**REQUEST FOR DOCUMENTS NO. 103:**
Beginning on May 1, 2017 to June 30, 2018, the mechanical work history of the trucks Christopher Johnson drove on May 3, 2018 and June 29, 2018.

**RESPONSE:**

Xcalibur objects to this request as overly broad in seeking the mechanical work history of the trucks for a year pre-incident. Xcalibur further objects to this request as entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Subject to and without waiving its objections, Xcalibur refers to documents produced at XCALIBUR 001139-1185.

**REQUEST FOR DOCUMENTS NO. 104:**
During Christopher Johnson's tenure, all disciplinary actions or counseling forms related to the mechanics at the Jal, New Mexico.

**RESPONSE:**

Xcalibur objects to this request because it is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). This request seeks documents which are entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Xcalibur further objects to this request as overly broad and unduly burdensome, as the request as written does not limit itself to disciplinary actions of a similar nature to those leading to Plaintiff's termination. Xcalibur further objects to the extent this request seeks personal identifiable information. Subject to and without waiving its objections, Xcalibur has produced written reports of spills or overflows at the Jal, New Mexico location from 2017 and 2018. Xcalibur refers to documents produced at XCALIBUR 001252-1279.

**REQUEST FOR DOCUMENTS NO. 105:**
From January 1, 2015 to December 31, 2018, all Employee Counseling Notice forms related to the Jal, New Mexico drivers.

**RESPONSE:**

Xcalibur objects to this request because it is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). This request seeks documents which are entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Xcalibur further objects to this request as overly broad and unduly burdensome, as the request as written does not limit itself to counseling notices of a similar nature to those leading to Plaintiff's termination. Xcalibur further objects to the extent this request seeks personal identifiable information. Subject to and without waiving its objections, Xcalibur has

produced written reports of spills or overflows at the Jal, New Mexico location from 2017 and 2018. Xcalibur refers to documents produced at XCALIBUR 001252-1279.

**REQUEST FOR DOCUMENTS NO. 106:**
From January 1, 2015 to December 31, 2018, all communications with customers or their representatives about spills involving Jal, New Mexico drivers.

**RESPONSE:**

Xcalibur objects to this request because it is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). This request seeks communications which are entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Xcalibur further objects to this request as overly broad and unduly burdensome, as the request could conceivably call for a wide variety of communications with customers which have no bearing on the issues in dispute. Subject to and without waiving its objections, Xcalibur has produced written reports of spills or overflows at the Jal, New Mexico location from 2017 and 2018 which include notations on communications with customers related to those incidents. Xcalibur refers to documents produced at XCALIBUR 001252-1279 and 26-29.

**REQUEST FOR DOCUMENTS NO. 107:**
Documents showing all damages or losses resulting from the spills involving Christopher Johnson on May 3, 2018 and June 29, 2018.

**RESPONSE:**

Xcalibur objects to this request because it is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). This request seeks documents which are entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Xcalibur further objects to this request as overly broad and unduly burdensome, as the request calls for a wide variety of communications with customers which have no bearing on the issues in dispute as well as third party documents over which Xcalibur has no control. Subject to and without waiving its objections, Xcalibur refers to documents produced at 000026-32.

**REQUEST FOR DOCUMENTS NO. 108:**
From January 1, 2015 to December 31, 2018, all Driver's Vehicle Inspection reports and monthly inspections and findings.

**RESPONSE:**

Xcalibur objects to this request as vague in its use of the term "findings." Xcalibur also objects to this request because it is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of

the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). This request seeks documents which are entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff. Xcalibur further objects to this request as overly broad and unduly burdensome, as the request as written does not limit itself to trucks or trailers driven by Plaintiff, nor to the time period Plaintiff was employed by Xcalibur, nor does it limit itself to the location where Plaintiff worked. Subject to and without waiving its objections, Xcalibur refers to documents produced at XCALIBUR 000617-618 and 1139-1185.

**REQUEST FOR DOCUMENTS NO. 109:**
Produce all policies and practices related to hiring drivers with prior DOT violations.

**RESPONSE:**

Xcalibur objects to this request as vague as to the term "practices." Xcalibur further objects to this request to the extent it assumes facts not in evidence. Subject to and without waiving its objections, Xcalibur refers to documents produced at XCALIBUR 000876-953 and 1089-1110.

**REQUEST FOR DOCUMENTS NO. 110:**
Produce all policies and practices related to hiring drivers with prior traffic ticket violations.

**RESPONSE:**

Xcalibur objects to this request as vague as to the phrase "prior traffic ticket violations." Xcalibur further objects to this request to the extent it assumes facts not in evidence. Subject to and without waiving its objections, Xcalibur refers to documents produced at XCALIBUR 000876-953 and 1089-1110.

**REQUEST FOR DOCUMENTS NO. 111:**
Produce all policies and practices related to hiring drivers with prior spills.

**RESPONSE:**

Xcalibur objects to this request as vague as to the phrase "prior spills." Xcalibur further objects to this request to the extent it assumes facts not in evidence. Subject to and without waiving its objections, Xcalibur refers to documents produced at XCALIBUR 000876-953 and 1089-1110.

**REQUEST FOR DOCUMENTS NO. 112:**
Produce all communications concerning the factual allegations or claims at issues in this lawsuit among or between:
- a. The plaintiff and the defendant
- b. The plaintiff's manager(s), and/or supervisor(s), and/or the defendant's human resources representatives
- c. Defendant and Ricky Schuler Trucking
- d. Defendant and any third parties save for its attorneys.

**RESPONSE:**

As to subparts (a-b), Xcalibur objects to this request to the extent it improperly seeks documents which are already within the possession, custody, or control of Plaintiff and/or equally available to Plaintiff. Subject to and without waiving its objections, Xcalibur has already produced documents responsive to this request and refers to Plaintiff's employment file at XCALIBUR 000001-000421.

As to subpart (c), Xcalibur objects to this request to the extent it requests the disclosure of information protected by the work product doctrine and/or attorney-client privilege. Xcalibur further objects to this request to the extent it seeks communications concerning the structure of a transaction which does not concern the factual allegations or claims at issue in this lawsuit.

As to subpart (d), Xcalibur objects to this request to the extent it improperly seeks documents which are already within the possession, custody, or control of Plaintiff and/or equally available to Plaintiff. Subject to and without waiving its objections, Xcalibur refers to communications with the EEOC at XCALIBUR 001199-1251, and regarding Plaintiff's claim with the Texas Workforce Commission at XCALIBUR 000422-809.

**REQUEST FOR DOCUMENTS NO. 113:**
From January 1, 2015 to present, responses to claims, lawsuits, administrative charges, and complaints involving discrimination.

**RESPONSE:**

Xcalibur objects to this request to the extent it improperly seeks documents which are already within the possession, custody, or control of Plaintiff and/or equally available to Plaintiff. Xcalibur further objects to this request because it is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR DOCUMENTS NO. 114:**
From January 1, 2015 to present, claims, lawsuits, administrative charges, and complaints involving discrimination.

**RESPONSE:**

Xcalibur objects to this request to the extent it improperly seeks documents which are already within the possession, custody, or control of Plaintiff and/or equally available to Plaintiff. Xcalibur further objects to this request because it is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR DOCUMENTS NO. 115:**
From January 1, 2015 to present, responses to claims, lawsuits, administrative charges, and complaints involving retaliation.

**RESPONSE:**

Xcalibur objects to this request to the extent it improperly seeks documents which are already within the possession, custody, or control of Plaintiff and/or equally available to Plaintiff. Xcalibur further objects to this request because it is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR DOCUMENTS NO. 116:**
From January 1, 2015 to present, claims, lawsuits, administrative charges, and complaints involving retaliation.

**RESPONSE:**

Xcalibur objects to this request to the extent it improperly seeks documents which are already within the possession, custody, or control of Plaintiff and/or equally available to Plaintiff. Xcalibur further objects to this request because it is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR DOCUMENTS NO. 117:**
From January 1, 2015 to present, responses to claims, lawsuits, administrative charges, and complaints involving the same factual allegations or claims as those at issue in this lawsuit.

**RESPONSE:**

Xcalibur objects to this request to the extent it improperly seeks documents which are already within the possession, custody, or control of Plaintiff and/or equally available to Plaintiff. Xcalibur further objects to this request because it is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Subject to and without waiving its objections, Xcalibur refers to communications with the EEOC at XCALIBUR 001199-1251, and Plaintiff's claim with the Texas Workforce Commission at XCALIBUR 000422-809.

**REQUEST FOR DOCUMENTS NO. 118:**
From January 1, 2015 to present, claims, lawsuits, administrative charges, and complaints involving the same factual allegations or claims as those at issue in this lawsuit.

**RESPONSE:**

Xcalibur objects to this request to the extent it improperly seeks documents which are already within the possession, custody, or control of Plaintiff and/or equally available to Plaintiff. Xcalibur further objects to this request because it is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Subject

to and without waiving its objections, Xcalibur refers to communications with the EEOC at XCALIBUR 001199-1251, and Plaintiff's claim with the Texas Workforce Commission at XCALIBUR 000422-809.

**REQUEST FOR DOCUMENTS NO. 119:**
All documents relied upon to make the employment decision(s) at issue in this lawsuit including all disciplinary actions and terminations.

**RESPONSE:**

Xcalibur objects to this request on the grounds that it improperly and prematurely seeks to require Xcalibur to marshal its evidence. Xcalibur further objects because "the employment decision(s)" is vague and not defined. Subject to and without waiving its general and specific objections, Xcalibur refers to documents produced at XCALIBUR 000012-16, 26-32, 439-446, 771-787, 810-1136, and 1209-1210, and reserves the right to rely on additional documents produced in this case.

**REQUEST FOR DOCUMENTS NO. 120:**
Workplace policies or guidelines relevant to the adverse action in effect at the time of the adverse actions including but not limited to: discipline, termination, discrimination, evaluations, misconduct, and retaliation.

**RESPONSE:**

Xcalibur objects to this request on the grounds that it improperly and prematurely seeks to require Xcalibur to marshal its evidence. Xcalibur further objects because "adverse action" is vague and not defined. Subject to and without waiving its general and specific objections, Xcalibur refers to its response to Request for Documents No. 119.

**REQUEST FOR DOCUMENTS NO. 121:**
All agreements between Defendant and Rickey Shuler Trucking for the sale or transfer of Defendant's business or assets.

**RESPONSE:**

Xcalibur objects to this request as overly broad, irrelevant, and harassing, as the contracts regarding the sale of Xcalibur's assets on December 31, 2019 have no relevance to Plaintiff's claims or Xcalibur's defense. Xcalibur further objects to this request as not proportional to the needs of the case or the amount in controversy, as the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR DOCUMENTS NO. 122:**
Produce a copy of all depositions of Jeff Maronen involving an employee or worker.

**RESPONSE:**

Xcalibur objects to this request because it is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). This request seeks documents which are entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff, as the request as written seeks all depositions regardless of the nature or circumstances surrounding that deposition, and is not limited in time or scope. Xcalibur further objects because "involving an employee or worker" is vague and not defined. Subject to and without waiving its general and specific objections, Jeff Maronen was deposed by Plaintiff in this case and Xcalibur understands Plaintiff already has a copy of that deposition.

**REQUEST FOR DOCUMENTS NO. 123:**
All contracts regarding the asset sale of Defendant including all discussions in contemplation of such sale.

**RESPONSE:**

Xcalibur objects to this request as overly broad, irrelevant, and harassing, as the contracts regarding the sale of Xcalibur's assets on December 31, 2019 and related communications have no relevance to Plaintiff's claims or Xcalibur's defense. Xcalibur further objects to this request as not proportional to the needs of the case or the amount in controversy, as the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR DOCUMENTS NO. 124:**
Produce documents showing anti-discrimination and anti-retaliation training attended by all Jal, NM drivers and managers from January 1, 2015 to December 31, 2018, including attendance sheets.

**RESPONSE:**

Xcalibur objects to this request as overly broad to the extent it seeks training records for employees unrelated to Plaintiff or to the time he was employed by Xcalibur. Subject to and without waiving its general and specific objections, Xcalibur refers to Plaintiff's employment file at XCALIBUR 000001-000421 for trainings attended by Plaintiff. Xcalibur also refers to its Company Policies and Procedures produced at XCALIBUR 000812-875, including the Anti-Harassment and General Business Conduct policies contained therein.

**REQUEST FOR DOCUMENTS NO. 125:**
Produce documents showing anti-discrimination, anti-retaliation training provided to all Jal, NM drivers and managers from January 1, 2015 to December 31, 2018, including attendance sheets.

**RESPONSE:**

Xcalibur objects to this request as duplicative of Request for Documents No. 124. Subject to and without waiving its general and specific objections, Xcalibur refers to its response to Request for Documents No. 124.

**REQUEST FOR DOCUMENTS NO. 126:**

Job descriptions of Jeff Maronen.

**RESPONSE:**

Xcalibur objects to this request as vague to the extent it fails to define a relevant time period. Xcalibur further objects to this request because it is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). This request seeks documents which are entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff, as it seeks documents completely unrelated to Plaintiff's position or claims. Subject to and without waiving its general and specific objections, Xcalibur refers to Mr. Maronen's March 25, 2021 deposition.

**REQUEST FOR DOCUMENTS NO. 127:**
Documents showing when Jeff Maronen was promoted to Vice President.

**RESPONSE:**

Xcalibur objects to this request to the extent this request seeks personal identifiable information. Xcalibur further objects to this request because it is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). This request seeks documents which are entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff, as it seeks documents completely unrelated to Plaintiff's position or claims.

**REQUEST FOR DOCUMENTS NO. 128:**
Produce all documents shown to Jeff Maronen in preparation for his deposition including but not limited to that related to Bruce Johnson and Elias Ashley. *See Maronen's deposition including 28:21-24.*

**RESPONSE:**

Xcalibur objects to this request to the extent it seeks any privileged communications or documents. Subject to and without waiving its objections, all documents reviewed were previously produced in this matter by Plaintiff and/or Defendant.

**REQUEST FOR DOCUMENTS NO. 129:**
All documents and things involving the altercation between Elias Ashley and Christopher Johnson.

**RESPONSE:**

Xcalibur objects to this request as vague in its use of the phrase "altercation between Elias Ashley and Christopher Johnson." Xcalibur further objects to the extent this request seeks personal identifiable information concerning persons who are not a party to this suit. Subject to and without waiving its objections, Xcalibur refers to documents produced at XCALIBUR 001280-1283.

**REQUEST FOR DOCUMENTS NO. 129:**
All policies that relate to disciplining up to termination of a driver with a spill or overflow.

**RESPONSE:**

Xcalibur objects to this request as overly broad to the extent it seeks "all policies." Xcalibur also objects to this request as vague as to the phrase "disciplining up to termination." Subject to and without waiving its objections, Xcalibur refers to documents produced at XCALIBUR 000812-875, 876-953, and 1089-1110.

**REQUEST FOR DOCUMENTS NO. 130:**
All investigations into claims the speed alerts or speed gauge alerts were inaccurate including communications to the speed gauge company during Plaintiff's tenure.

**RESPONSE:**

Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). This request seeks documents which are entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff, and as such, is unduly burdensome. Xcalibur further objects because "claims the speed alerts or speed gauge alerts were inaccurate" is vague, and is an incomplete hypothetical.

**REQUEST FOR DOCUMENTS NO. 131:**
Produce all pay received by Steven Horn to compensate him for time when he did not drive because of a downed truck.

**RESPONSE:**
Xcalibur objects because this request is not relevant to Plaintiff's claims or Xcalibur's defense and is not proportional to the needs of the case or the amount in controversy, and the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). This request seeks documents which are entirely irrelevant to the race discrimination and retaliation claims brought by Plaintiff, and as such, is unduly burdensome. Xcalibur further objects to the extent this request seeks personal identifiable information.